No. 210.—STATE OF LOUISIANA ex rel. JAMES GRAHAM, State Auditor, and A. DUBUCLET, State Treasurer, v. THE JUDGE OF THE EIGHTH DISTRICT COURT OF THE PARISH OF ORLEANS.

The right of appeal is secured, not only to all parties in the suit, but to third persons when they are aggrieved by the judgment, if the amount involved is sufficient to give the appellate court jurisdiction. C. P. 571. When, therefore, the State Auditor and State Treasurer are made parties defendants in a suit, to compel them to register bonds of the State which have been authorized by law in favor of a railroad company, which registry by these officers is required by law as a prerequisite to their delivery to the company, and the judgment of the court requires them to make such a registry, then and in such case they or either of them have the right of appeal from such judgment secured to them, if the bonds sought to be registered are sufficient in amount to give the appellate court jurisdiction, and a mandamus will issue, on application of the Auditor and Treasurer or either of them, from the Supreme Court, directing the judge *a quo* to grant the appeal.

APPEAL from the Eighth District Court, parish of Orleans. *H. C. Dibble*, Judge, respondent. *John Ray*, attorney for relators. *Hornor & Benedict*, for Auditor.

LUDELING, C. J. The New Orleans, Mobile and Texas Railroad Company instituted proceedings against the Auditor and Treasurer of the State of Louisiana to compel them to register bonds of the State in favor of the said company to the amount of $750,000, in accordance with the provisions of the act No. 31 of the General Assembly of 1870. After hearing, the judge made the mandamus peremptory, commanding said officers to perform the acts required of them. They prayed for an appeal, which was refused by the judge. Thereupon a writ of mandamus was applied for to compel the judge to grant the appeal.

In his answer the judge assigns two reasons for his refusal:

*First*—Because the relators failed and refused to make proof in the lower court that they have an appealable interest.

*Second*—Because the Auditor and Treasurer "have no interest which would authorize them to prosecute an appeal before this honorable court, and they have no constitutional or legal right to prosecute such an appeal in the name of the State."

I. The object of the proceeding against the Auditor and Treasurer is to make them register bonds of the State of Louisiana in favor of the New Orleans, Mobile and Texas Railroad Company for $750,000, so that said bonds might be delivered to them. If judgment had been rendered against the railroad company, would it have had the right of appeal under the allegations in the petition? We can not conceive that there could be a doubt of this. The matter in dispute is the issuing of bonds to the amount of $750,000; the registration thereof by the Auditor and Treasurer being acts which, under the law of 1870, should precede their delivery to the railroad company.

II. The Auditor and Treasurer are the defendants in the suit. It would be most strange if they could not appeal from a judgment against them, when the matter in dispute exceeds five hundred dollars.

The cases relied on by the judge a quo, reported in 9 An. 400, and 12 An. 498, are totally inapplicable to this case. Article 564, C. P., declares that "an appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have a judgment of an inferior court corrected." This right is secured not only to all who are parties to the suit, but to third persons when they are aggrieved by the judgment. Art. 571 C. P.

We consider the answer of the judge a quo insufficient to justify his refusal of the appeal.

It is therefore ordered that the Judge of the Eighth District Court of the parish of Orleans do grant a suspensive appeal as prayed for, according to law.