Succession of Mausberg.

## No. 9301.

### SUCCESSION OF JOSEPH MAUSBERG.

The appeal taken by an administratrix, in her official capacity, from a judgment against her individually, striking out from the account presented by her an item in her favor individually, will be dismissed.

The appeal should have been taken and the bond furnished by her in her individual capacity.

The rule does not always apply to executors who, unlike administrators, stand sometimes in a different position. 32 Ann. 890, Payne vs. Dejean, affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

*J. S. Adams* for the Appellant.

*Bayne & Denegre* and *E. E. Moise, contra.*

The opinion of the Court was delivered by.

BERMUDEZ, C. J. This is an appeal by the administratrix from a judgment against herself individually and her minor children.

To the account presented and which allowed them the residue, $679 16, after payment of privileged claims, opposition was made by creditors, which was sustained and the allowance was stricken out.

On the trial the claims of the opponents were judicially admitted to be due and the controversy was, therefore, restricted to the allowance to the widow and minors.

The appeal was taken by the administratrix, in her official capacity, not in her individual name, or as tutrix of her children.

The judgment which disallows the claim of the widow and children, is one against the former individually and in favor of the succession, represented, insolvent as it is, by its creditors,

It is settled that in such a case the appeal cannot be made by the administrator in his official capacity, but must be taken in his individual name. Payne vs. Dejean, 32 Ann. 889, 891; 1 R. 275; 5 Ann. 140, and other authorities cited in first case.

The rulings in 33 Ann. 1317 and 35 Ann. 127, were made in cases of appeals by *executors* and under different circumstances. They have no bearing upon this controversy. Neither has that in the succession of Baumgarden, recently decided, which was likewise made on an appeal by executors and under a different state of facts.

If the appeal were viewed as being only from the judgment allowing the claim of the opponents which had been judicially admitted, it could not be entertained. C. P. 567.

It is, therefore, ordered and decreed that the appeal herein be dismissed at the cost of the widow in her individual capacity.