No. 9949.

JOHN PASLEY VS. ANN McCONNELL.

AND

ANN McCONNELL VS. JOHN PASLEY.

(Consolidated.)

Motions to dismiss appeals should be based on alleged irregularities in the lower court or in the appellate court in the proceedings relating to the appeal, or want of jurisdiction in one or both courts, and should contain nothing relating to the merits of the controversy except for the purpose of illustration.

One is not disqualified from being a security on an appearance bond because he is security for costs or on the injunction bond in the court below.

Where a rule was taken to compel a compliance with an adjudication, and the property was adjudicated for a sum exceeding $2000, this court has jurisdiction.

The plaintiff in execution of a money judgment, becoming the adjudicatee of real property at execution sale, during the pendency of a devolutive appeal therefrom, and put in possession thereunder by the sheriff executing the writ, cannot be treated as being illegally in possession because the only evidence of her title is the sheriff's *proces verbal* of adjudication.

Notwithstanding the amount of such plaintiff's judgment may be subsequently reduced by the appellate court to a sum less than the price of adjudication, and the sheriff's *proces verbal* does not recite the payment thereof by the purchaser, she cannot be treated as in contempt of an injunction obtained by the judgment debtor, restraining her from making *sale* of the property *pendente lite*, on account of her attempt to procure a deed of sale from the sheriff, by rule, in the meanwhile.

APPEAL from the Civil District Court, for the Parish of Orleans. *Houston,* J.

*W. S. Benedict,* for John Pasley, Appellant.

*J. Magioni* and *J. Timony, contra.*

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. This is an appeal taken from a judgment discharging two rules, taken out by John Pasley against Mrs. Ann McConnell.

One rule was for the purpose of setting aside an order of court requiring the sheriff to make a deed to Mrs. McConnell to certain property previously adjudicated to her.

The other rule charged that Mrs. McConnell had disobeyed an injunction issued for the purpose of preventing her taking possession of the property adjudicated to her, as stated. It being a rule for contempt.

An appeal can only be dismissed on account of some irregularity in the proceedings in the lower court or in this court relating to the appeal, or for the want of jurisdiction.

There are numerous grounds for the dismissal of this appeal contained in the motion, only two of which relate to irregularities in the proceedings on the question of jurisdiction.

As to the alleged irregularities, they are, in substance:

1. That the appeal bond is not identified with the case in which the judgment was rendered.

2. That the security on the bond of appeal is disqualified by reason of being a security for costs and also security on an injunction in a proceeding relating to or connected with this case.

3. That an order was made in the court below, requiring security for costs to be furnished within a certain delay. That such security was not furnished within the delay stipulated, and by the effect of such default the proceedings or rules abated, and there existed, therefore nothing that could form the subject of an appeal.

We have examined the record carefully with respect to these contentions, and find that they are without force or merit, either in fact or law.

It is also charged by implication that this court is without jurisdiction *ratione materæ*.

It is true that we are without jurisdiction touching the matter of the rule for contempt mentioned, but the other rule has for its object, as stated, to prevent the sheriff making a deed to certain property adjudicated at sheriff's sale. This property was adjudicated for $9500.

Besides, in the motion for the appeal we find an averment by the appellant that he will be damaged exceeding $2000, if the sheriff's deed sought to be prevented is executed to the appellee, Mrs. McConnell; and the same averment is made and supported by oath in the injunction proceeding found in the record.

We conclude, therefore, that we have jurisdiction.

The motion to dismiss is, for these reasons, refused.

---

## ON THE MERITS.

WATKINS, J. A brief and additional *resumé* of the salient historical facts connected with this litigation is necessary to a correct understanding of the questions that are presented by this appeal.

In May, 1882, Mrs. McConnell recovered a judgment against John Pasley for $14,660 59, from which a devolutive appeal was taken, and in this court same was reduced to $2980. 36 Ann. 998, McConnell vs. Pasley.

During the pendency of this appeal, *fi. fa.* was issued under the judgment of the district court, and real property of Pasley seized and

advertised for sale by the Civil Sheriff. It was appraised at $13,900, and adjudicated to the plaintiff in execution at the stated price of $9500 cash, and the sheriff executed a *proces verbal* of sale accordingly, and same was duly recorded in the convenance records, in January, 1883.

After said cause was decided on appeal, Pasley instituted suit against Mrs. McConnell, and therein sought to obtain *pendente lite* the judicial sequestration of the property which had been adjudicated to her. The plaintiff appealed from an adverse decree of the district court, and we therein expressed the opinion that Mrs. McConnell was "in possession of the property in dispute, and had been for more than eighteen months *prior* to the institution of the suit, under a sheriff's sale," and affirmed the judgment appealed from. 36 Ann. 703.

Another phase of same controversy was passed upon in 37 Ann. 553.

Finally, the merits of the suit were tried, and decided, and another appeal resulted, in which we announced the following conclusions, viz:

1st. It recited the facts outlined above, relative to the judgment and adjudication to Mrs. McConnell, and the reduction of her judgment on appeal.

2d. That "it is shown that the price has never been paid in money, and it does not appear that it was imputed * * * but that the purchaser received delivery of the property in June, 1883."

3d. "That on the 28th of January, 1884, Pasley brought the suit"—the one under consideration—"against Mrs. McConnell and her transferrees, in which he alleges the nullity of her title and that of her transferres on various grounds, and prays to be decreed the owner of the property, and in the possession thereof, and an accounting of the revenues.

4th. Upon the issues thus joined we then decided "that the reduction of the judgment of Mrs. McConnell by this court (36 Ann. 986), has no effect upon her title as purchaser at the judicial sale pending the devolutive appeal."

5th. That "the lack of a sheriff's deed has *no* significance whatever," and the non-payment of taxes did not affect its validity.

6th. That in "so far as the non-payment of the price is concerned, under the condition of affairs existing at the date of adjudication, there was *no payment to be made*. * * Mrs. McConnell is bound to pay the price of adjudication to whomsoever is entitled to it. Upon removing the apparent anterior incumbrances, *plaintiff will be entitled to recover the excess of the price over the amount of her final judgment.*"

7th. We finally concluded that said suit possessed no such feature,

and could not be maintained. There was no reservation to the plaintiff of the right to sue for the rescission of the sale for non-payment of the price of adjudication and the restitution of the property, or for the surplus of the proceeds of sale—but there is, in our opinion, a clear intimation to the effect that suit of either character might be brought.

It appears, from the record, that on the 8th day of February, 1883, a few months subsequent to the adjudication to Mrs. McConnell, and several months *anterior* to the institution of the suit last referred to, she applied for, and obtained, a rule on the Civil Sheriff to show cause why he should not execute and deliver to her a deed of sale, in pursuance of the adjudication; but for some cause, unexplained by the record, the same was not made absolute, and no judgment to that effect was signed until the 2d day of December, 1886, long since judgment was rendered in this court in the suit above referred to. Since the final decision of that suit, Pasley, on the 28th of May, 1886, brought a new suit, in which he makes the following averments and demands, viz:

1st. That Mrs. McConnell, as adjudicatee of the property in controversy, has paid no part of the price of adjudication.

2d. That the judgment under which the sale was made was subsequently reversed, and a new one rendered; and that same has long since been paid, leaving no part thereof remaining.

3d. That Mrs. McConnell made a simulated and fraudulent transfer thereof to her children, the Ermans.

4th. That the sale and adjudication to her are null and void on account of the non-payment of the price thereof, and should be dissolved and the property restored to him in the condition it was at the date of the adjudication.

5th. That he pleads compensation and extinguishment of the judgment in her favor, and avers that the sheriff has executed to her no deed of sale to the property.

6th. That he is the owner of the property in dispute, and he fears that the defendant claiming possession thereof may take advantage of her alleged possession to dispose of same pending suit; and that it is necessary, in order to preserve the same, that an injunction issue.

Objection was made by Mrs. McConnell to the institution and filing of this suit in Division B of the Civil District Court, and an exception to that effect was sustained, and the suit was transferred to Division C of said court.

In this situation of affairs, counsel for Pasley filed, on the 23d of December, 1886, one of the rules on Mrs. McConnell, now under con-

sideration, it having for its object to compel her to show cause why the judgment making her rule on the sheriff—the one above referred to as having been signed on the 22d of December, 1886—absolute, should not be set aside, and his injunction obeyed.

On the same date plaintiff Pasley obtained an order for an an additional rule on Mrs. McConhell to show cause why the proceedings taken by her against the Civil Sheriff to coerce the execution and delivery of a deed of sale should not be set aside, and she be punished for contempt therefor, on the ground, and for the reason that by said injunction she and the Ermans had been inhibited and restrained from interfering with said property, or taking possession thereof.

To these rules a variety of exceptions were taken by the counsel of Mrs. McConnell to the effect, viz :

1st. That the court was without jurisdiction because the final judgment against Pasley had been executed and consumed by the sheriff placing her in full and complete possession of the property more than three years before.

2d. That her rule on the Civil Sheriff was a proper and legal one, at the time it was taken, as he had possession under the writ of *fi. fa.*

3d. That since the sheriff's adjudication and delivery of possession to her she had conveyed the property to her children by recorded title translative of property.

4th. That Pasley cannot by summary proceedings by rule review proceedings that have been disposed of by a judgment of the Supreme Court.

These two rules seem to have been considered and treated by the parties, as well as by the court below, as parts and parcels of same proceeding, and as having for their object the same relief—to test, in this ancilary way, the *bona fides* of Mrs. McConnell's possession—and they may be considered as cumulated into one proceeding.

On the trial of the rules it was admitted by Pasley, that Mrs. McConnell was put in possession under her judgment and adjudication thereunder, and that she is now in possession, and was in possession long prior to the signing of the judgment making absolute the rule herein complained of. It further appears, from the evidence adduced on the trial of the rule, that the sheriff had executed a *proces verbal* of sale to Mrs. McConnell, but no deed of sale to the property.

From a judgment discharging plaintiff's rule he has appealed ; and, considering the indubitable evidence furnished by the various records and proceedings herein detailed, we cannot conceive upon what he can entertain a hope of reversing that decree. We do not regard the

judgment complained of as having any material bearing on the questions involved in the pending injunction suit. We have already decided that the *non* execution of a sheriff's deed was of no consequence. Plaintiff's injunction suit judicially admits Mrs. McConnell's possession of the property. The ground assigned as evidencing her *contempt* of the injunction is, in point of fact, altogether incorrect. Appellant *must* rely on his injunction suit, and await its trial on the merits for relief.

Judgment affirmed.

Mr. Justice Todd absent.