PROVO STY, J.
By Act No. 145, p. 259, and Act No. 297, p. 607, of 1914, the Legislature created a commission “to investigate the past and present conduct and management of the affairs of the government,” and provided for the payment of the per diem of the members of this commission and of its other expenses.
The object of the present suit is to enjoin this commission from doing its said work, and to enjoin the state auditor and the state treasurer from paying the said per diem and other expenses out of the state treasury, on the ground that the said acts are unconstitutional.
Plaintiff brings the suit distinctly and solely in his quality of a citizen and taxpayer.
[1] It is well settled that a citizen and taxpayer of a municipality has a standing, as such, to enjoin the making of an illegal disposition of the corporate funds. Bryant v. Logan, 56 W. Va. 141, 49 S. E. 21, 3 Ann. Cas. 1013.
Whether this doctrine applies to state officers or to state funds in the state treasury has been considered but twice, so far as we have been able to ascertain. In the case of Jones v. Reed, 3 Wash. 63, 27 Pac. 1069, the Supreme Court of Washington held that the doctrine does not apply. Four of the justices concurred, and one dissented. In the case of Butler v. Ellerbe, 44 S. C. 283, 22 S. E. 437, the Supreme Court of South Carolina held that the doctrine does apply. Two of the justices concurred, and one dissented. Such a suit was entertained by the latter court in Evans v. Tillman, 38 S. C. 238, 17 S. E. 49; Robertson v. Tillman, 39 S. C. 298, 17 S. E. 678, but without the point here in question having been raised or considered.
Several courts have been unwilling to adopt this doctrine even in the case of a 'municipal corporation. As applied to a municipal corporation, it is founded in part upon the corporate relation supposed to exist, or in reality existing, between the inhabitants of ihe municipality and the municipality. The inhabitants are likened to the shareholders of a private corporation, and the municipality is likened to their trustee. See Dillon, Mun. Corp. (3d Ed.) § 914 (731).
This foundation for the doctrine, needless to say, does not exist in the case of a suit involving state affairs. By no possibility can the state, in her relations with her citizens, be likened to a private corporation. Between the state and a private corporation there is in that connection no analogy whatever.
And, even apart from this, it is going very far already to allow mere private persons to invoke the aid of the judiciary to interfere with the management of public affairs, even in the case of a municipal corporation. Even that far the courts have gone only with hesitation, and some have refused to go.. They ought not, we think, to extend the doctrine further, and apply it to the affairs of the state itself.
[2] So far as plaintiff’s interest as a mere citizen is concerned, apart from his interest as á taxpayer, nothing is better settled than that such a general interest as that, held by *237 him in common with all the citizens of the state, does not afford him a basis for contesting the constitutionality of an act of the Legislature. Oooley, Constitutional Limitations, c. 7, p. 196.
Having concluded that the plaintiff is without pecuniary interest, and therefore without standing, to maintain this suit, we do not reach, and therefore do not pass upon, the Question of whether this is not a suit against the state, and therefore not maintainable even if plaintiff had a pecuniary interest in the premises.
It is therefore, ordered, adjudged, and decreed that the judgment appealed from be affirmed.
O’NIELL, J., concurs in the decree.