8 So.2d 68

**STATE ex rel. WILLIS v. GENERAL LONGSHORE WORKERS, Inc.**

No. 36589.

April 27, 1942.

Clarence E. Strauch and George P. Nosacka, both of New Orleans, for plaintiff and appellee.

L. H. Gosserand, of New Orleans, for defendant and appellant.

PONDER, Justice.

The relator, Robert Willis, brought mandamus proceedings against the respondent, General Longshore Workers, Inc., also known as General Longshore International Longshoremen's Association, Local Union No. 1419, seeking to compel his reinstatement as vice president and member of the board of directors or executive committee of the respondent organization, which offices he claims he was divested of by the illegal act of the respondent. Upon trial, the lower court gave judgment · in favor of the relator, ordering his reinstatement and the payment of his salary up to and including January 25, 1942. The respondent has appealed.

After the appeal was lodged in this court, the relator moved to dismiss the appeal on the ground that the respondent organization had confessed judgment in a written declaration filed by it under date of July 23, 1941, and on the further grounds, that the exceptions of no cause and no right of action and the exception to the jurisdiction ratione materiae, the only pleadings filed by the respondent in these proceedings, were not timely filed.

■ Counsel for the relator contends that the respondent has confessed judgment and is without right of appeal. In support of this contention, he cites Article 567 of the Code of Practice; Hewitt, Heran & Co. v. Nolan Stewart's Executor and D. P. Cain, 11 La.Ann. 100; and Succession of Joseph Mausberg, 37 La.Ann. 126.

The record shows that the purported confession of judgment was filed by relator and not by the respondent. One of the disputes in this case is whether the purported document was signed by parties who had authority to act for or bind the respondent organization. It was contended in the lower court that the parties who signed the document were neither officers nor members of any board authorized to conduct the affairs of or bind the respondent, and testimony was taken with respect thereto. Under the circumstances presented in this case, we would have to pass on the merits to determine the question.

■■ A justiciable question brought up by appeal will not be considered on motion to dismiss. Drewes & Co. v. Ham & Seymour, 157 La. 861, 103 So. 241; Gottlieb v. Avery Realty Co., 180 La. 621, 157 So. 369. The merits of an appeal cannot be considered on hearing of a motion to dismiss the appeal. Article 895, Code of Practice; Succession of Lissa, 194 La. 328, 193 So. 663; Succession of Price, 196 La. 172, 198 So. 894.

The question of whether or not the exceptions were timely filed is also a matter to be taken up on the hearing of the appeal.

For the reasons assigned, the motion to dismiss is denied.