36 So.2d 633

**STATE ex rel. ZELDEN v. HOME REALTY INV. CO., Inc., et al.**

No. 38983.

June 15, 1948.

Sanders, Miller, Downing & Rubin, of Baton Rouge, for appellant.

Kemble K. Kennedy, of Baton Rouge, for plaintiff-appellee.

FOURNET, Justice.

Sam Monk Zelden, who secured a judgment in the lower court ordering the Home Realty Investment Co., Inc., to record on its books the transfer to him of 55 shares of stock and refusing to entertain a concursus proceeding in which Leah Calmes Janney had been impleaded as one of the rival claimants of the stock shares, is now seeking to have the appeal taken from this judgment by Mrs. Janney dismissed on the ground that she was without right to appeal, not being a party to the suit and having no interest in the matter.

A number of pleadings were filed in this case, many of them not pertinent for a decision on this motion. Those that are pertinent reveal that Zelden proceeded by mandamus to compel the Home Realty

Investment Company, Inc., to record the transfer to him of 55 shares of its capital stock of the par value of $100 a share, represented by Certificate No. 11, alleging that he had acquired the stock for value from Cecile S. Calmes. Upon motion of Zelden's counsel the case was transferred to the same division of the court then considering two other cases having a material bearing upon the issues involved, namely, Succession of James F. Calmes and Leah Calmes Janney v. Cecile S. Calmes. The defendant, after securing additional time within which to plead, first filed a plea of vagueness, levelled principally at Zelden's failure to allege the consideration given by him for the stock, and that Cecile S. Calmes, from whom he acquired it, was the owner thereof. Answering later, the company, averring it had been informed by Leah Calmes Janney that she was the owner of the stock sold by Cecile S. Calmes to Zelden, sought to invoke a concursus proceeding for the purpose of relieving itself of any liability in connection with the transfer, impleading the rival claimants and impounding the stock pending the determination of the ownership thereof. Mrs. Janney answered the rule issued in the concursus proceeding asserting her ownership of the stock certificate and denying that Zelden had purchased the shares for value and in good faith. She prayed that the company be ordered to issue a new stock certificate in her name for these 55 shares and that Cecile S. Calmes be decreed to have no right or interest therein. Zelden then sought to secure a judgment or peremptory mandate on the pleadings and the Home Realty Investment Company, answering the rule issued under this motion, asked that if the concursus proceeding be decreed to be inappropriate in this case, then that the demands of Zelden be summarily denied inasmuch as the company might be prejudiced by any ruling that might be made since it would not be binding on the adverse claimant.

On these pleadings the trial judge overruled the exception of vagueness, rescinded and set aside the rule issued in the concursus proceeding, and ordered the company to record the transfer of the 55 shares of stock to Zelden and to issue to him a new certificate therefor. From this judgment Mrs. Janney appealed, alleging that as the owner of the stock she is interested in the res or subject matter of the suit and that she has been aggrieved by the judgment ordering the company to recognize its sale to Zelden and also by the order recalling the rule issued in the concursus proceeding, in which proceeding she was impleaded and answered. She further averred that when some doubt was expressed during oral argument that ownership of stock could be contested in a concursus proceeding, she proffered an intervention wherein she again asserted her claim to the ownership of the stock but the court refused to entertain it on the ground that it had been filed too late. This is borne out by the judge's written reasons for mak-

ing absolute the rule issued under Zelden's motion for a peremptory mandate.

Clearly under these facts the appellee's motion is without merit. Practically all of the grounds asserted by the appellee as the basis for his motion anticipate the issues that must be determined on the merits of the appeal and cannot, therefore, be considered on the motion to dismiss. Mutual Life Ins. Co. v. Houchins, 52 La. Ann. 1137, 27 So. 657; First Nat. Bank of Ruston v. Lagrone, 164 La. 907, 114 So. 832. The only question that is before us for decision in passing on the motion to dismiss this appeal is whether the appellant is entitled to have the merits of her opposition to the judgment rendered in the lower court between Zelden and the Home Realty Investment Co., Inc., hereafter considered. She unquestionably has that right.

The right of appeal is given not only to those who are parties to a cause, but to third persons who have been aggrieved by a judgment even though they are not parties:. Article 571 of the Code of Practice. The appellant, on the record as made up, has not only appealed as a party who claims to have been aggrieved by the judgment rendered, but also as a party who was impleaded in the concursus proceeding and as a party whose intervention was denied by the trial judge. State ex rel. Graham v. Judge of Eighth Dist.Ct., 23 La.Ann. 595; State ex rel. Pecot v. Judge of St. Mary Parish, 27 La.Ann. 184; Succession of Bothick, 110 La. 109, 34 So.

163; Raines v. Dunson, 145 La. 525, 82 So. 690; Haas v. Haas, 181 La. 265, 159 So. 384.

The motion to dismiss is denied.