HAMITER, Justice.
 

 Gulf States Utilities Company instituted this suit seeking to enjoin the Dixie Electric Membership Corporation from operating an electrical distributing system within the City of Baker, Parish of East Baton Rouge.
 

 The district judge maintained defendant’s exception to the court’s jurisdiction rationae materiae, it having been grounded on the allegation that the Louisiana Public Service Commission possesses exclusive jurisdiction over the litigation, and he dismissed the suit.
 

 From that judgment the plaintiff applied to the Court of Appeal, First Circuit, for writs of prohibition, certiorari and mandamus. But such court refused to issue the writs prayed for, it entering the following notation: “Writs refused. The ruling of the trial court is correct.”
 

 Thereafter, the plaintiff obtained an order for a devolutive appeal
 
 to the same
 
 Court of Appeal. And, following the lodging of the transcript there, the defendant moved to dismiss the appeal for the reason that such tribunal, in its decision on the application for the writs, had already passed upon the correctness of the district judge’s ruling; .
 

 The Court of Appeal sustained the defendant’s motion and dismissed the appeal. 172 So.2d 116. At plaintiff’s instance we granted certiorari. 247 La. 682, 173 So.2d 543.
 

 
 *461
 
 Borden et al. v. Louisiana State Board of Education et al., 168 La. 1005, 123 So. 655, 67 A.L.R. 1183, appears to sustain completely the argument of plaintiff’s counsel that the refusal of the Court of Appeal to grant supervisory writs did not deprive the plaintiff of its right of appeal from the judgment which effectively dismissed the suit. In that case the demand for a preliminary injunction was denied by the district judge on the ground that the petition of plaintiffs did not disclose that they, as mere taxpayers, had a right of action to contest, as against state officers, the expenditure of state funds. Whereupon, the plaintiffs, alleging that the appeal allowed by law would not provide an adequate remedy, sought to invoke the supervisory jurisdiction of this court, inasmuch as the funds would be expended pending an appeal. We denied the writs and noted: “Writ refused. A citizen and taxpayer, as such, has no right to enjoin State officers from disbursing of State funds under an act of the Legislature, even if the act be unconstitutional. Sutton v. Buie, 136 La. 234 [66 So. 956, L.R.A.1915D, 178].” See Borden et al. v. State Board of Education et al., No. 29,540 on the docket of this court. But when the devolutive appeal taken by the plaintiffs subsequently reached this court it was held (on a motion to dismiss) that the order previously rendered on the application for remedial writs did not deprive them of the right to appeal from the districts . court’s ' judgment. Moreover, on the merits of the appeal we, contrary to bur prior ruling, determined that the plaintiffs did have a right to seek the preliminary injunction.
 

 No law or decision contrary to the holding in the Borden case has been cited to us by the defendant; nor has our research of the question revealed any such authority. Consequently, in view of that holding, of the well settled principle that appeals are favored in law, of our jurisprudential rule that “unless the ground urged for the dismissal is free from doubt an appeal will be sustained” (Emmons v. Agricultural Insurance Company et al., 245 La. 411, 158 So.2d 594), and of the recognized doctrine that “an appeal should not be dismissed except for the substantial causes provided by law” (Wischer v. Madison Realty Company, Inc., 242 La. 334, 136 So.2d 62), we must and do hold that the appeal taken by this plaintiff was improperly dismissed by the Court of Appeal. See also New Orleans & Northeastern Railroad Company v. Louisiana Public Service Commission, 245 La. 786, 161 So.2d 272.
 

 The defendant further urges that the appeal was properly dismissed for the reason that the appellate court was without jurisdiction thereof. It argues that Article VII, Section 29 of the Louisiana Constitution pertinently provides that the jurisdiction of the First Circuit Court of Appeal
 
 *463
 
 extends to civil and probate matters “of which the district courts throughout the state have exclusive original jurisdiction”; and that since the Louisiana Public Service Commission, rather than district courts, has exclusive jurisdiction of cases such as the one involved here the appellate court is without jurisdiction of the appeal. However, it is immediately obvious that the basis of the instant attack on the appellate court’s jurisdiction relates to the basic issue going to the merits of the appeal.
 

 This court has held on innumerable occasions that when the questions presented on the motion to dismiss pertain to the issues presented by the appeal those questions should not be determined on the dismissal motion but, rather, they should be resolved on the appeal. Thus, in Succession of Lissa, 194 La. 328, 193 So. 663 we said: “The merits of this appeal can not be considered on the motion to dismiss, and to consider the question raised under the motion filed by Joseph Spiro would have that effect. ‘This court will not anticipate, on a motion to dismiss, the issues which the appellant (a third person) proposes to submit to it. * * ” Again in State ex rel. Zelden v. Home Realty Investment Company, Inc. et al., 214 La. 45, 36 So.2d 633 this court stated: “ * * * Practically all of the grounds asserted by the appellee as the basis for his motion anticipate the issues that must be determined on the merits of the appeal and cannot, therefore, be considered on the motion to dismiss. * * * ” See also State ex rel. Willis v. General Long-shore Workers, Inc., 200 La. 398, 8 So.2d 68 and Jones v. Jones, 234 La. 549, 100 So. 2d 502.
 

 For the reasons assigned the judgment of the Court of Appeal, First Circuit, which dismissed plaintiff’s appeal, is reversed and set aside and the case is remanded to that court to be proceeded with in accordance with law and the views herein expressed. Costs incurred in this court shall be paid by defendant. All other costs shall abide the final determination of the litigation.