DOMENGEAUX, Judge.
Plaintiffs filed suit against defendant Louisiana Wild Life and Fisheries Commission seeking a declaratory judgment, a writ of mandamus, and in the alternative, restitution or damages, alleging essentially that they are the owners of multiple alligator skins and that on or about June 23, *695 1966 they were charged in the Criminal District Court for the Parish of Orleans with certain criminal violations in connection with their possession of said skins; that pursuant to said charge the defendant seized the alligator skins, presumably under the provisions of LSA-R.S. 56:260(B). They further allege that on or about December 7, 1965 a nolle prosequi was entered by the office of the District Attorney of Orleans Parish and that no further charges or other criminal proceedings have been instituted against them, in view of which, they allege prescription has now run and that they are immune from prosecution under the aforementioned revised statute. As a result of the incident or inci-' dents emanating from the criminal charge of June 23, 1966 they question the constitutionality of LSA-R.S. 56:260(B) and suggest that even if said statute is constitutional it provides that only the Division of Administration has the right to seize the skins. They also seek damages for the illegal retention of the skins by defendant, and in seeking mandamus to cause the defendant to return the skins, they allege that the law presents them no relief by ordinary means to seek return of the items in question. The trial judge fixed a show cause rule on the mandamus. Defendant filed answer to these proceedings in the form of a general denial and further answered averring that mandamus is an improper proceeding under the circumstances shown herein. Defendant further filed exceptions of no cause or right of action and of unauthorized use of summary proceedings.
The matter was heard by the trial court on the mandamus rule, and judgment was rendered making the alternative writ of mandamus preemptory and ordering defendant to return the described skins to the plaintiffs. Defendant has appealed suspensively from this judgment and plaintiffs have filed motion to dismiss the appeal.
Suffice it to say there are several issues presented in this appeal, including but not limited to whether or not the use of mandamus was properly available to plaintiffs and a consideration of the rights and powers of the Louisiana Wild Life & Fisheries Commission in connection with this case.
Although we previously considered related matters in connection with this case in Mares v. Glasgow, La.App., 219 So.2d 19, our ruling therein was restricted to the particular points relevant at that time.
It is well recognized in our jurisprudence that appeals are favored and aided by the courts. Emmons v. Agricultural Ins. Company, 245 La. 411, 158 So.2d 594; Succession of Tullier, 216 La. 821, 44 So.2d 880. Vidrine v. American Employers Ins. Co., La.App., 129 So.2d 284. Appeals will not be denied or dismissed unless there is no other course. Lerner v. Bischof, La.App., 189 So. 142. Unless the grounds urged for the dismissal of appeal are free from all doubt the appeal should be allowed to proceed. Emmons v. Agricultural Ins. Company, supra. When questions presented on a motion to dismiss pertain to the issues presented by the appeal those questions should not be determined on the dismissal motion but, rather, they should be resolved on the appeal. Gulf States Utilities Co. v. Dixie Elec. Mem. Corp., 248 La. 458, 179 So.2d 637.
Obviously in view of the jurisprudence and in view of the legal propositions presented by this appeal, it should not be dismissed. Therefore, plaintiffs’ motion to dismiss is denied at their cost.
Motion denied.