*727 MOTION TO DISMISS
HOOD, Judge.
Plaintiff-appellee, Green Thumb, Inc., moves to dismiss the appeal of the defendant-appellant, DLJ of Louisiana No. 1, on the ground that appellant’s brief and the record show that there is no merit to defendant’s appeal. We deny the motion.
Green Thumb, Inc., filed suit against DLJ of Louisiana No. 1 to recover a sum alleged to be due under a landscaping contract, with recognition of a lien and privilege on defendant’s property. A default judgment was rendered in favor of plaintiff and against defendant, on November 18, 1974. The defendant appealed, and in due course the transcript was lodged in this court. The plaintiff-appellee then filed the motion to dismiss the appeal which is now before us.
Plaintiff alleges in its motion to dismiss the appeal that according to the appellant’s brief the sole basis for its appeal is that service of process was not served upon the defendant.
The defendant argues in its appellate brief that the record does not show that service of process was made on it, and that the default judgment taken against defendant thus is void. In support of that argument, defendant attaches to its brief a photocopy of the front page of the “Citation” which was issued to the defendant, through its agent for service of process in New Orleans. We note that the exhibit attached to appellant’s brief does not show that service of that citation was made on defendant.
Plaintiff, in its motion to dismiss the appeal, points out that the back side of the citation shows a return made by a deputy sheriff of Orleans Parish, certifying that service of process was made on the defendant. It argues that since no controversy exists, the judgment should be affirmed and this appeal should be dismissed without a hearing and without further wasting the court’s time.
A motion to dismiss an appeal must be based on alleged irregularities in proceedings relating to the appeal, occurring either in the trial court or in the appellate court, or on want of jurisdiction in one or both courts. It should not be based on matters relating to the merits of the controversy. McConnell v. Pasley, 39 La.Ann. 1097, 3 So. 484 (1887). When a motion to dismiss an appeal is based on issues which go to the merits of the case, those issues should not be determined on such a motion, but instead they should be resolved on the appeal. Gulf States Utilities Company v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (1965); State v. Home Realty Inv. Co., 214 La. 45, 36 So.2d 633 (1948) ; Mares v. Louisiana Wild Life and Fisheries Commission, 228 So.2d 694 (La.App. 4 Cir. 1969).
The motion to dismiss which is before us now is based on an issue which should be determined on the merits of the appeal, and not on a motion to dismiss. The motion to dismiss the appeal thus is denied.
Motion denied.