339 So.2d 891 (1976)
TOWN OF KINDER, Louisiana, et al., Plaintiffs and Appellees,
v.
BEAUREGARD ELECTRIC COOPERATIVE, INC., Defendant and Appellant.
No. 5667.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
Rehearing Denied December 15, 1976.
*892 Landry, Watkins, Cousin & Bonin by William O. Bonin, New Iberia, John E. Demoruelle, Kinder, for defendant and appellant.
Jones, Patin, Harper, Tete & Wetherill by J. Norwell Harper, Lake Charles, for plaintiffs and appellees.
Before HOOD, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
This is a suit by the Town of Kinder, an incorporated municipality, situated in Allen Parish, Louisiana, (Kinder), and Central Louisiana Electric Company, Inc., an electric public utility, (CLECO), against Beauregard Electric Cooperative, Inc., an electric cooperative, (Beauregard), seeking injunctive relief preventing Beauregard from furnishing electricity to any customer, and particularly to a proposed garment plant, Garan, Inc., or its affiliate, Kinder Industries, Inc., and the contractor or contractors which would construct the Garan plant on a tract of land recently annexed to the Town of Kinder. Beauregard filed numerous exceptions which were overruled and ultimately filed answer and amended answer.
Pursuant to the hearing for preliminary injunction, which was held on October 22, 1975, the rule was made absolute and defendant cooperative, its agents, employees and all other persons, firms, or corporations acting or claiming to act in its behalf were restrained, enjoined, and prohibited during the pendency of the suit from furnishing electric services to any customer on the tract of land in the corporate limits of the Town of Kinder, Louisiana, described as follows:
"Commencing at the southeast corner of Section 26, Township 6 South, Range 5 West, Louisiana Meridian, thence north 1,335.1 feet, thence north 8958' west 30 feet to a point of beginning: thence from said point of beginning north 89 58' west 917.2 feet, thence south 017' east 574.8 feet, thence north 89 43' east 596.6 feet, thence north 29 06' east along the west right of way line of U.S. Highway 165 a distance of 654.3 feet to point of beginning."
Trial on the merits for the permanent injunction was held on December 19, 1975, after which time the trial court denied the permanent injunction prayed for and dismissed plaintiffs' suit, dissolving the previously granted preliminary injunction. Plaintiffs have appealed the judgment of the district court which denied the permanent injunction, and defendant has filed a motion to dismiss the appeal.

MOTION TO DISMISS APPEAL
Beauregard's motion to dismiss the appeal was referred to the merits. Its basis is essentially that Kinder's and CLECO's right to a permanent injunction has become moot because the construction of the proposed garment factory has ceased since the issuance of the preliminary injunction. A narrative of the facts and circumstances of this case will follow in the body of the opinion which will show that, in the context of this case, the question of mootness should be decided on the appeal itself.
A motion to dismiss an appeal must be based on alleged irregularities in proceedings relating to the appeal, occurring either in the trial court or in the appellate court, or on want of jurisdiction in one or both courts. It should not be based on matters relating to the merits of the controversy. McConnell v. Pasley, 39 La.Ann. 1097, 3 So. *893 484 (1887). When a motion to dismiss an appeal is based on issues which go to the merits of the case, those issues should not be determined on such a motion, but instead they should be resolved on the appeal. Gulf States Utilities Company v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (1965); State v. Home Realty Inv. Co., 214 La. 45, 36 So.2d 633 (1948); Mares v. Louisiana Wild Life and Fisheries Commission, 228 So.2d 694 (La.App.4th Cir. 1969).
Beauregard's motion to dismiss is based on issues which relate to the merits, and accordingly the motion is denied.

THE PRELIMINARY INJUNCTION
The record of the hearing for preliminary injunction discloses that since 1962 CLECO has held a non-exclusive franchise from the Town of Kinder to supply electricity to the residents and businesses within said municipality. Beauregard, since 1941, has held a non-exclusive franchise from the Police Jury of Allen Parish to furnish electricity to residents and businesses within said parish outside of municipalities.
In 1944 Beauregard constructed an electric utility line on or immediately adjacent to the described tract, which of course at that time was outside the corporate limits of Kinder. This Beauregard line apparently services those customers who were already in the vicinity.
Beauregard has no franchise from Kinder and moreover Kinder adopted a resolution in 1967 specifically restricting any unfranchised electric service company from serving electric customers within its corporate limits.
In 1975 the Town of Kinder purchased the tract of land described hereinabove which was then situated north of the city limits of Kinder. This purchase was made to provide a site for the construction of a garment factory, all of which was the result of efforts by interested parties and entities in Allen Parish to attract industry to the town. In connection with the purchase of the land Kinder enacted an ordinance annexing said land to the town.
Anticipating the construction of the garment factory on the recently annexed tract, CLECO began extending a utility line to service the factory site and the contractor or contractors designated to construct the building. Alleging that Beauregard attempted or would attempt to service the newly annexed site, since its lines were already there, Kinder and CLECO brought this suit for injunctive relief to enjoin Beauregard from rendering service to the site of the proposed factory. Beauregard had no customers within the newly annexed tract to the corporate limits.
At the time of the hearing for preliminary injunction, some work was being performed at the construction site consisting of soil leveling and stabilizing and the contractor had moved its work trailers to the site and had them hooked up to CLECO's recently constructed utility line for power.
The trial court granted the requested preliminary injunction on the basis of Town of Coushatta v. Valley Electric Membership Corp., 139 So.2d 822 (La.App. 2nd Cir. 1961). That case holds that a municipality and the holder of a franchise therefrom are entitled to injunctive relief prohibiting a non-franchised utility from servicing a new customer in a newly annexed area. We find, as did the trial judge, that the Coushatta case was applicable to the situation in its posture at the time of the preliminary injunction. The rule set forth in Coushatta has been applied and followed. Gulf States Utilities Company v. Dixie Electric Membership Corporation, 185 So.2d 313 (La.App.1st Cir. 1966). See also the Federal cases of Dixie Electric Membership Corporation v. City of Baton Rouge, 440 F.2d 819 (5th Cir. 1971); City of Thibodaux v. Louisiana Power & Light Company, 373 F.2d 870 (5th Cir. 1967).
These cases stand for the proposition that the holder of a parish franchise may not serve any new customers within an annexed area of the municipality without a franchise from the municipality. Beauregard had not served any customer on the site involved in this suit at the time of its annexation or since. Based on the facts of this case, we *894 conclude that the District Court correctly granted the preliminary injunction sought by CLECO and Kinder.

THE PERMANENT INJUNCTION
At the trial on the merits for the permanent injunction held December 19, 1975, it was stipulated that all evidence presented at the hearing for preliminary injunction would be considered for purposes of the trial on the merits. Additionally, it was more articulately demonstrated by way of specifics, that in 1975 the Ward 2 Industrial District of the Parish of Allen, the Town of Kinder, and Kinder Industries Corporation, a subsidiary of Garan, Inc., entered into several agreements requiring that the Town purchase the site described hereinabove, that the District construct a plant building thereon and that the cost of the building was to be financed by general obligation bonds to be issued by the District in an amount not to exceed $850,000.00. Kinder Industries was to equip the building and lease it from the District at a rental sufficient to retire the bonds. Following these agreements, a successful bond election was held, and some $650,000.00 of bonds were sold by the District on August 7, 1975, the first bond payment becoming due March 1, 1976.
Pursuant to these arrangements, and as brought out at the hearing for preliminary injunction, the contractor moved onto the building site, commenced some preliminary work and began to utilize CLECO's recently constructed utility line for power.
It was brought out that at some point in time between the two hearings, work on the building site was discontinued by Garan and/or Kinder Industries Corporation. The electrical power furnished by CLECO was shut off, and the contractor moved off the site.
Apparently some time in the early part of December, 1975, the representatives of Garan indicated to the representatives of the Industrial District that they "may not" build and operate the garment plant in Kinder, although they indicated that "someone else" would do so. The evidence does not indicate the status of the discussions at the time of the hearing for permanent injunction, but it is clear, as found by the district judge, that, "work on site preparation had ceased for an apparent indefinite period of time", and "there is nothing in the record to indicate that work will recommence".
Based on those findings the trial judge denied the permanent injunction and dissolved the previously granted preliminary injunction.[1]
It is apparent to us that if, at the time of the hearing for permanent injunction, construction on the garment plant would have been in progress, the permanent injunction would have been granted.
Injunctive relief under C.C.P. Art. 3601, is an extraordinary remedy and the party seeking same must be threatened with irreparable loss or injury without an adequate remedy by law. Greenberg v. De Salvo, 254 La. 1019, 229 So.2d 83 (1969), cert, denied 90 S.Ct. 1521, 397 U.S. 1075, 25 L.Ed.2d 809. Also, to be entitled to injunctive relief, the applicant therefor must prove that the threat of irreparable injury is immediate and that there is a clear and present need for it. Although there is some speculation in the record that a garment plant will ultimately be built, the fact remains, in the posture of the case as presented to us, that there was nothing to enjoin at the time of the permanent injunction trial. Consequently, we find no error on the part of the district court in denying the permanent injunction.
Appellants suggest, in the event that plaintiffs are not entitled to permanent injunction because of the status of the project, that the dismissal of plaintiff's suit should be without prejudice, so that there will be no question as to the preservation of plaintiff's rights should construction of the *895 plant recommence at a later date and/or should appellee later attempt to serve a customer in the annexed area.
We feel the point is well taken. It would appear that should such contingencies occur CLECO and Kinder would not be prejudiced in reasserting their right to injunctive relief in view of the rather unusual circumstances of this case. However, we feel that the better course to follow is to order plaintiff's suit dismissed without prejudice. (C.C.P. 2164). There is a bond indebtedness to be paid off, and the trial judge opined, from his overview of the evidence, that the plant would have to be built eventually.
The district judge divided the costs at trial between CLECO and Beauregard. Appellants suggest that all of those costs should be assessed against appellee. The trial court has great discretion in assessing costs and we will not interfere with that discretionary determination, finding no abuse thereof.
For the above and foregoing reasons the judgment of the district court is amended so as to order plaintiffs' suit dismissed without prejudice. In all other respects it is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED, AS AMENDED.
NOTES
[1] It is to be remembered that this suit was filed exclusively for injunctive relief and any other legal rights or obligations between the Town of Kinder, the Industrial District, the Parish of Allen, Garan, Inc., and Kinder Industries, are not before us.