CUTRER, Judge.
Richard J. Caspari filed suit seeking a writ of mandamus to compel Robert De-blieux, Mayor of the City of Natchitoches (the Mayor), to appoint him to the position of chief of police of that city. The trial court ultimately rendered judgment dismissing plaintiff’s suit on the ground that the matter had become moot. Plaintiff appeals. We affirm.
The sequence of events leading up to this suit is as follows:
On July 5, 1979, plaintiff, along with several other persons, participated in a competitive civil service examination designed to establish a group of qualified applicants from which the Mayor and council of the City of Natchitoches could choose a chief of police to fill a vacancy in that office. Only plaintiff and Otho Bolton passed the examination. Bolton, shortly thereafter, withdrew his name as a prospective appointee, leaving only the plaintiff as eligible for the appointment.
Under the provisions of the charter of the City of Natchitoches, the Mayor is authorized to make such an appointment, subject to confirmation by the city council.[1] Instead of appointing plaintiff for confirmation by the council, the Mayor took steps to have *495 the civil service board give a second examination in order that he would have an opportunity to choose from several applicants. At this point in the proceedings, plaintiff brought this suit.
A hearing was had and the trial court dismissed the suit stating that plaintiff failed to show that the city council would have confirmed plaintiff if his name had been submitted. The trial judge mentioned that the council members should have been made a party to the suit.
Plaintiff filed a motion for a new trial. This motion was granted and plaintiff was afforded the opportunity to amend his petition to make the members of the city council parties defendant. The record reflects that plaintiff did not so amend his petition.
The second civil service examination was given on October 5,1979, with three persons passing the test, thereby qualifying those three persons for the appointment. At this juncture, the plaintiff filed a petition for an injunction to prohibit the Mayor from appointing anyone from the October list as that would dilute plaintiffs chances of getting the appointment. A temporary restraining order was issued in conjunction with the petition for injunction. In his reasons for issuing the temporary restraining order, the trial judge stated that plaintiff was entitled:
“... to have his name submitted by the Mayor as Chief of Police of Natchi-toches to the City Council . . . . ”
The effect of the trial court’s action was that the Mayor must first submit plaintiff’s name to the council for approval before the Mayor could consider the persons who qualified as a result of the October examination.
The minutes of the city council reflect that at a meeting held on November 12, 1979, Mayor Deblieux submitted the name of plaintiff to the council for consideration as chief of police. The council voted unanimously to reject the plaintiff’s name. A name from the October examination was then submitted and confirmed by the council.
The following day, a motion to dismiss the suit was filed. The basis for the motion was that the suit for mandamus had become moot since the Mayor had submitted plaintiff’s name to the council for confirmation. The suit was then dismissed on the ground that the subject matter of the mandamus suit had become moot. This appeal followed.
Defendant filed a motion to dismiss the appeal on two grounds: (1) That the subject matter was moot; and (2) that the suit was not filed timely.
We will first dispose of this motion.
As to the dismissal of an appeal on the ground of mootness, we faced this issue in Town of Kinder v. Beauregard Elect. Co-op, Inc., 339 So.2d 891, 892 (La.App. 3rd Cir. 1976), in which we stated:
“A motion to dismiss an appeal must be based on alleged irregularities in proceedings relating to the appeal, occurring either in the trial court or in the appellate court, or on want of jurisdiction in one or both courts. It should not be based on matters relating to the merits of the controversy. McConnell v. Pasley, 39 La.Ann. 1097, 3 So. 484 (1887). When a motion to dismiss an appeal is based on issues which go to the merits of the case, those issues should not be determined on such a motion, but instead they should be resolved on the appeal. Gulf States Utilities Company v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (1965); State v. Home Realty Inv. Co., 214 La. 45, 36 So.2d 633 (1948); Mares v. Louisiana Wild Life and Fisheries Commission, 228 So.2d 694 (La.App. 4th Cir. 1969).”
It is clear that the issue of mootness must be considered on the merits of the appeal.
We also deny the motion to dismiss the appeal based on its not being timely. According to the record, the judgment dismissing the plaintiff’s appeal was signed on November 13, 1979. The order for appeal was signed twenty-eight days later, on December 11, 1979. The defendant argues that this judgment arose from the issuance of an injunction and that according to *496 LSA-C.C.P. art. 3612, plaintiff should have perfected his appeal within fifteen days of the dismissal by the trial court; i. e., November 13, 1979. We disagree. The lawsuit was filed as a petition for mandamus. It is true that a restraining order was issued during the course of the litigation, but it is clear that the decision appealed from is the judgment dismissing the suit for the mandamus. Thus, the normal thirty day time period for suspensive appeals is applicable and the appeal was timely made.
The motion to dismiss shall be denied.
The plaintiff further contends that the matter did not become moot because the city council’s refusal to confirm plaintiff’s appointment was not authorized by law. Plaintiff contends he is entitled to have this issue decided. We disagree with this contention.
The city council members are not parties to this suit. Any opinion as to the legality of their actions would be purely advisory and not a determination of an issue properly before this court.
The suit for mandamus had only one object; namely to order the Mayor to select and appoint a person who had become eligible from the July civil service examination. This name would have been that of the plaintiff since he was the only one who was eligible under the July examination and who was willing to accept the position. The object of the suit was complied with when the Mayor submitted plaintiff’s name to the council for confirmation; thus, the suit for mandamus became moot.
For the above and foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.

. Section 4.04 of the Charter of the City of Natchitoches reads as follows:
“A. The head of the Police Department shall be the police chief who shall be appointed by the mayor, subject to confirmation by the council, in accordance with applicable state law.”