435 So.2d 1064 (1983)
ASIAN INTERNATIONAL, LTD.
v.
MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., et al.
No. 82 CA 0614.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied August 23, 1983.
*1065 Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellee Asian Intern., Inc.
Michael O. Hesse, St. Francisville, and Donald Beckner, Baton Rouge, for defendant-appellee Ben F. Fort, Jr.
John S. Thibaut, Jr., Baton Rouge, for defendant-appellee H. Grady Smith, Jr.
Lee C. Kantrow, Baton Rouge, for defendant-appellant Merrill Lynch, Pierce, Fenner and Smith, Inc.
Ronald Mason, Jr., Lafayette, for defendant-appellee Edward C. McCallum.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is a suit by Asian International, Ltd. (Asian) against Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), Ben F. Fort, Jr. (Fort) and H. Grady Smith, Jr. (Smith),[1] claiming ownership of certain accounts in the name of Fort with Merrill Lynch and seeking relief for tortious conversion of a $200,000.00 check, together with additional damages for the loss of corporate opportunity. Merrill Lynch filed various reconventional and third party demands and then filed a rule to show cause why a concursus proceeding should not be invoked.
Pursuant to the hearing to show cause, the rule was denied, and the trial court held that Merrill Lynch was not entitled to invoke a concursus under the circumstances then existing.
Merrill Lynch appealed this decision and subsequently filed a motion for summary judgment, which was granted by the trial court. The trial court dismissed Merrill Lynch as a defendant from the suit, after finding that Merrill Lynch was a holder in due course of the instrument and that as such it took the check free from all claims and defenses on the part of any person. Fort then filed a motion to dismiss Merrill Lynch's appeal concerning the concursus.

MOTION TO DISMISS APPEAL
Fort's motion to dismiss the appeal was referred to the merits. The basis of the motion to dismiss is essentially that Merrill Lynch's right to appeal the trial court's refusal to invoke a concursus proceeding has become moot because Merrill Lynch has been dismissed, as a defendant, from the suit pursuant to summary judgment granted in its favor.
A motion to dismiss an appeal must be based on alleged irregularities in proceedings related to the appeal, occurring either in the trial court or in the appellate court, or on want of jurisdiction in one or both courts. It should not be based on matters relating to the merits of the controversy. McConnell v. Pasley, 39 La.Ann. 1097, 3 So. 484 (1887); Town of Kinder v. Beauregard Elec. Co-op., Inc., 339 So.2d 891 (La.App. 3rd Cir.1976). When a motion to dismiss an appeal is based on issues which *1066 go to the merits of the case, those issues should not be determined on such a motion, but instead they should be resolved on appeal. Gulf States Utilities Co. v. Dixie Elec. Mem. Corp., 248 La. 458, 179 So.2d 637 (1965); State v. Home Realty Inv. Co., 214 La. 45, 36 So.2d 633 (1948); Town of Kinder v. Beauregard Co-op., Inc., supra; Mares v. Louisiana Wildlife and Fisheries Com'n., 228 So.2d 694 (La.App. 4th Cir.1969).
Fort's motion to dismiss is based on issues which relate to the merits, and accordingly, the motion is denied.

MOTION FOR SUMMARY JUDGMENT
In a related appeal, bearing Docket No. 82 CA 0216, Asian strenuously opposed the trial court's granting of summary judgment in favor of Merrill Lynch.
The trial court granted summary judgment based on its finding that Merrill Lynch had proved its status as a holder in due course, which allowed it to take the check free of all claims and defenses, and that there were no genuine issues of material fact with reference to Merrill Lynch's status as a holder in due course. On appeal, we affirmed the trial court's ruling. Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., 435 So.2d 1058 (La.App. 1st Cir.1983).

CONCURSUS PROCEEDING
Merrill Lynch, as plaintiff-in-reconvention and third party plaintiff, filed a rule to show cause why certain property held by Merrill Lynch in an account for Ben F. Fort, Jr. and his wife, Allyne E. Fort, should not be deposited into the registry of the court pursuant to a concursus proceeding. From a procedural standpoint, a concursus proceeding can be invoked by means of a reconventional demand, if the substantive requirements of a concursus proceeding are otherwise present, vis., two or more conflicting claims of ownership of property sought to be deposited into the registry of the court, a grant of relief to a stakeholder from further or multiple liability, and a single judgment adjudicating all issues between the parties.
A concursus proceeding is defined in LSA-C.C.P. art. 4651, which provides that:
"A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding."
The property held by Merrill Lynch, presently in the name of Fort, includes:
(1) $27,683.82 in CMA Money Fund; and
(2) $70,000.00 principal amount of Intermountain Power Agency Utah Power Supply Revenue Bonds (14%) due July 1, 2021.
Merrill Lynch argues that the required "conflicting claims of ownership" necessary to invoke a concursus proceeding have been asserted with respect to the above described property. Merrill Lynch contends that Asian claims ownership of the $200,000.00 check deposited with Merrill Lynch or proceeds derived therefrom and, therefore, claims the balance of monies currently on deposit in the name of Fort at Merrill Lynch.
Asian claims two items of damages from Merrill Lynch, Smith, and Fort. Asian is seeking $200,000.00 for tortious conversion of a $200,000.00 check payable to Asian, but endorsed and negotiated by Smith to Fort and renegotiated to Merrill Lynch. As part of this claim, Asian contends that the converted funds were utilized and deposited in the various accounts with Merrill Lynch, said accounts standing in the name of Fort, and that in fact these accounts "properly belong" to Asian.[2] Fort has made repeated *1067 requests on Merrill Lynch to return the monies he placed on deposit, specifically the CMA Money Fund and the Revenue Bonds. Despite these requests, Merrill Lynch has refused to release the contested funds.
Since Asian and Fort are each claiming ownership of the $27,683.82 CMA Money Fund and the $70,000.00 Revenue Bonds (Asian at least claims the funds are identifiable as having been purchased with converted funds), the requirement of competing or conflicting claims of ownership necessary to invoke a concursus proceeding is clearly present in the case sub judice.
LSA-C.C.P. art. 4658 provides that:
"With leave of court, the plaintiff may deposit into the registry of the court money which is claimed by the defendants, and which plaintiff admits is due one or more of the defendants.
"When sums of money due one or more of the defendants accrue from time to time in the hands of the plaintiff after the institution of the proceeding, with leave of court he may deposit the money as it accrues into the registry of the court.
"After the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited."
The primary purpose of this remedial proceeding is to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest. LSA-C.C.P. arts. 4651-4662; Louisiana Intrastate Gas Corporation v. Muller, 290 So.2d 888 (La.1974). Concursus contemplates a proceeding which leads to a single judgment adjudicating all issues between the parties. Johnson v. Lemons, 157 So.2d 752 (La.App. 2d Cir.1963). In a concursus proceeding, the jurisdiction of the court is limited to disposing of the funds on deposit and relieving the stakeholder from further liability to the impleaded claimants arising out of or as a result of the stakeholder's ownership or possession of the fund. LSA-C.C.P. arts. 4651-4662.
The articles of the Louisiana Code of Civil Procedure governing concursus suits are to be construed liberally and given a broad application. Damson Oil Corp. v. Sarver, 346 So.2d 1304 (La.App. 3rd Cir. 1971), writ refused, 350 So.2d 896 (La.1977); Placid Oil Company v. Young, 246 So.2d 306 (La.App. 3rd Cir.1971).
The purposes of a properly invoked concursus proceeding, viz., relief from further liability to impleaded claimants, avoidance of double or multiple liability, and relief from vexation of multiple litigation are properly served in the instant case. Although Merrill Lynch is no longer a party defendant in this proceeding and is relieved from liability to Asian as a result of the summary judgment granted in its favor, Merrill Lynch remains liable to someone (Asian or Fort) for the funds on deposit. Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., supra. Furthermore, Merrill Lynch's liability to the impleaded claimants as to the funds on deposit will cease upon depositing the money into the registry of the court pursuant to a concursus proceeding, wherein the proper owner of the deposited funds will be determined.
Fort argues in brief that the "approval of the requested proceeding will not avoid the vexation of involvement in multiple litigation on the part of Merrill Lynch since it will remain a party defendant in the lawsuit against it by Fort for damages for Merrill Lynch's refusal to release the funds on account in his name to him." However, an exhaustive examination of all pleadings in the record does not reveal any such pleading wherein Fort is asking for damages from Merrill Lynch, and in fact Fort *1068 has not made Merrill Lynch a defendant in any capacity.[3]
Fort relies upon Landry & Passman Rlty., Inc. v. Beadle, S., W. & A., Inc., 303 So.2d 761 (La.App. 1st Cir.1974), writ refused 307 So.2d 631 (La.1975), in support of its contention that a concursus is inappropriate in the instant case. We disagree and find that Fort's reliance on this case is misplaced for several reasons. First, any allowance of the concursus in the instant case does not violate Louisiana Code of Civil Procedure articles pertaining to venue. In Landry & Passman, supra, this court stated at p. 764:
"Admittedly a claimant to a fund may be impleaded in a concursus proceeding in any court of competent jurisdiction, irrespective of which court may be the proper venue for bringing an ordinary action against him. However, to allow assertion of a claim of this nature against a claimant in a concursus proceeding, in a court which would not ordinarily be the proper venue for prosecution of the claim, would do violence to our general venue laws. In this instance, for example BS&W would, without its consent and over its express objection, be required to defend an action against it on a claim totally unrealted to the concursus fund or the matter out of which the fund arose, in a court which would ordinarily not be the proper venue."
Secondly, in Landry & Passman, supra, one of the claimants to the proceeds sought to be deposited in the concursus merely asserted an unliquidated claim as an unsecured creditor arising out of a transaction foreign to that which generated the concursus fund.[4] In the case sub judice, all claims arise out of the original negotiation of a single $200,000.00 check and each of the competing claimants claims ownership of the funds that are the object of the concursus proceedings.[5] All matters in litigation and all claims arise from one source, the $200,000.00 check.
Summarizing, Merrill Lynch properly and appropriately sought to invoke this concursus proceeding so as to be protected from multiple liability from conflicting claims and from the vexation attending involvement in multiple litigation in which the stakeholder has no direct interest. We have previously determined that Merrill Lynch (stakeholder) is an innocent third party possessing funds, admittedly belonging to or owned by another. The funds are claimed by both Asian and Fort. The conflicting claims, although not required to have a common origin, in the instant case do have a common origin and arise from one source.
For the above and foregoing reasons, the judgment of the trial court is reversed and the case is remanded to allow Merrill Lynch *1069 to deposit the contested accounts into the registry of the court to be held until the respective claims of Asian and Fort are determined and a final judgment rendered.
REVERSED AND RENDERED.
NOTES
[1] For some unexplained reason, Edmund C. McCallum, Secretary-Treasurer of Asian and co-endorser of the check, was not made a defendant in the original suit filed by Asian.
[2] Paragraphs 6 and 7 of Asian's petition allege:

Paragraph 6: On information and belief, plaintiff avers that defendant Fort received all or part of the funds into a securities, checking or trading account under the control of Merrill Lynch in the name of Fort or one of his companies or related entities.
Paragraph 7: Defendant Fort accepted and received the benefit of the funds credited to such securities, checking or trading account and is currently holding and utilizing, or has utilized, these funds properly belonging to Asian.
[3] Fort did assert a claim for damages against Asian for Merrill Lynch's refusal to release the funds in his account; however, Merrill Lynch was not made a defendant.
[4] In the Landry & Passman case, supra, a real estate salesman employed by Beadle, Swart-wood, Wall, & Associates (B.S. & W.) was claiming two real estate commissions from two sales of different properties by Landry & Passman. Landry & Passman and B.S. & W. had agreed to split the sales commission 50-50, and B.S. & W. had agreed to pay its salesman (Carson Davis) 30% of its fifty percent commission on each transaction.

Landry & Passman and B.S. & W. split the commission on the first sale, and before the commission was divided on the second sale, the B.S. & W. salesman made a claim against Landry & Passman for the commission allegedly due him on both transactions. Landry & Passman sought to invoke a concursus proceeding, impleading B.S. & W., its salesman, and a third party, who subsequently disclaimed any interest in the funds.
B.S. & W. answered conceding its indebtedness to its salesman as concerns the second transaction (the funds Landry & Passman held and which had not been distributed to B.S. & W.). B.S. & W. contested its salesman's right to litigate in the concursus proceeding the claim relating to the prior and totally unrelated sale of property. This court affirmed the trial court's dismissal of the concursus proceeding of this prior unrelated claim since it arose from a source different in origin from the transaction which generated the deposited funds.
Claimant was asserting an unliquidated claim as an unsecured creditor, which claim arose out of a transaction completely foreign to that which generated the funds involved in the concursus proceeding.
[5] See Footnote 2.