WALL *et al. v.* DARBY *et al.*

[95 South. 791.  No. 22326.]

CORPORATIONS.  *Corporation having defeasible title to land subject to attack by state may, before such attack, convey indefeasible title to one who may own it.*

Though a corporation may have a defeasible title to land, subject to direct attack by the state, yet it may convey an indefeasible title, before such attack, to an individual or a corporation who may own the land under our laws.

On suggestion of error.   Overruled.
For former report, see 94 So. 465.
Response to suggestion of error.

SYKES, P. J., delivered the opinion of the court.

The decree of the chancellor dismissing the appellant's bill and granting the relief prayed for in the cross-bill of

the appellee P. F. Darby was affirmed without opinion by this division. 94 So. 465. The questions presented in the original bill of the appellant as to fraud, the creation of a trust, and the violation of the trust agreement were controverted questions of fact decided in favor of the appellee by the chancellor upon conflicting testimony. We think the chancellor was warranted in this finding.

The deed described the land as being in the wrong township. The testimony shows that this was a mistake, and the chancellor reformed the deed, making it correctly describe the township in accordance with the prayer of the cross-bill of appellee, Phelps Darby. It is insisted that Darby was not entitled to this relief, because his vendor, the Board of Ministerial Relief, is a religious society, not authorized under our laws to own this land. It is unnecessary to decide whether or not the Board of Ministerial Relief would be entitled to a reformation of the deed. Certainly Phelps Darby has a right under our law to own this land. He purchased from this board.

This is not a case where a corporation is seeking the aid of a court to enable it to acquire lands which it has no power to acquire and hold, as was the case in *Southern Realty Co.* v. *Tchula Co-operative Store,* 114 Miss. 309, 75 So. 121. Though the equitable title obtained by the Board of Ministerial Relief might have been a defeasible one, subject to be attacked by the state, yet they could convey an indefeasible title, before any such attack, by conveying to a party who could own the land, and this was what occurred in this case. *Ore. Mortgage Co.* v. *Carstens,* 16 Wash. 165, 47 Pac. 421, 35 L. R. A. 841.

The suggestion of error is overruled.

*Overruled.*