799 So.2d 475 (2001)
SHELL PIPELINE CORPORATION
v.
John N. KENNEDY, Secretary of the Department of Revenue and Taxation, State of Louisiana.
No. 2000-OC-3207.
Supreme Court of Louisiana.
October 16, 2001.
*476 Michele S. Caballero, Milo A. Nickel, Jr., Michael K. Prudhomme, Woodley, Williams, Boudreau, Norman, Brown & Doyle, Lake Charles, for Applicant.
Bruce J. Oreck, Nicole Crighton, Jesse R. Adams, III, Oreck, Bradley, Brighton, Adams & Chase, New Orleans, for Respondent.
PER CURIAM.[*]
We granted certiorari in this matter to review the court of appeal's ruling dismissing defendant's appeal of a partial summary judgment. For the reasons that follow, we conclude the court of appeal erred in dismissing this appeal.

UNDERLYING FACTS AND PROCEDURAL HISTORY
Plaintiff, Shell Pipeline Corporation ("Shell"), filed the instant suit against defendant, John N. Kennedy, Secretary of the Department of Revenue and Taxation, State of Louisiana ("State"), seeking a refund of taxes paid under protest. One of the major issues in the litigation is whether the term "oil" as used in La. R.S. 47:1003 includes chemicals and other finished and semi-finished products derived from crude oil. Shell moved for partial summary judgment on this issue. On December 7, 1999, the district court signed a written judgment granting partial summary judgment in Shell's favor, based on a finding that the term "oil" does not include products refined from oil.
On December 15, 1999, the State filed a petition for suspensive appeal, which the district court granted. However, it is undisputed that the State did not request that the district court designate the judgment as immediately appealable pursuant to La.Code Civ. P. art. 1915B.[1]
Once the appeal was lodged, the court of appeal, on its own motion, ordered the State to show cause why the appeal should not be dismissed. Thereafter, the court of appeal dismissed the appeal, reasoning that the district court's ruling was interlocutory *477 in nature and thus not subject to immediate appeal in the absence of compliance with La.Code Civ. P. art. 1915B. One judge concurred in the dismissal of the appeal, but indicated he "would convert the matter to a writ."
The State then applied to this court. We granted certiorari for the sole purpose of considering whether the appeal was properly dismissed.[2]

DISCUSSION
At the time the district court rendered partial summary judgment in this case, La.Code Civ. P. art. 1915A(3) provided:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E). [emphasis added]
La.Code Civ. P. art. 966E provides that a summary judgment "may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case."
Reading these two articles together, the State reasons that the partial summary judgment rendered by the district court in this case is clearly the type of summary judgment contemplated under La.Code Civ. P. art. 966E, and is a "final judgment" by operation of La.Code Civ. P. art. 1915A(3). The State relies on this court's opinion in Douglass v. Alton Ochsner Medical Foundation, 96-2825, pp. 3-4 (La.6/13/97), 695 So.2d 953, 955, in which this court held that "the grant of a partial summary judgment, as a final judgment, is appealable."
By contrast, Shell argues that La.Code Civ. P. art. 1915B controls as the more specific provision dealing with designation of partial summary judgments as final judgments for purposes of an immediate appeal. Shell contends that regardless of the language of La.Code Civ. P. art. 1915A, the district court must designate a partial summary judgment as a final judgment under La.Code Civ. P. art. 1915B in order for that judgment to be appealable.
The divergent positions of the State and Shell reveal an internal conflict within La.Code Civ. P. art. 1915. In Acts 1999, No. 1263, the legislature addressed this conflict by amending La.Code Civ. P. art. 1915A to exclude partial summary judgments rendered under La.Code Civ. P. art. 966E. As amended, the article now provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E). [emphasis added]
Under the amended version of La.Code Civ. P. art. 1915(B), it is clear that a partial summary judgment which disposes of some, but not all, of claims between the parties, must be designated by the district court as a final judgment in order to be *478 appealed. However, this amendment is inapplicable to the instant case, as section three of the Act provides that "[t]he provisions of this Act shall become effective on January 1, 2000, and shall apply to all actions filed on or after January 1, 2000." Therefore, we must resolve this case based on the language of La.Code Civ. P. art. 1915 as it existed prior to January 1, 2000.
It is well settled that appeals are favored in the law. General Motors Acceptance Corp. v. Deep South Pest Control Inc., 247 La. 625, 173 So.2d 190, 191 (1965). As we stated in U.S. Fire Insurance Co. v. Swann, 424 So.2d 240, 244-45 (La.1982), an appeal should not be dismissed unless the ground urged for dismissal is free from doubt:
In recognition of the fact that procedural rules are merely to implement the substantive law, as well as the fact that appeals are constitutionally guaranteed (La. Const. art. V, § 5 and § 10), this Court has consistently held that appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Davidge v. Magliola, 346 So.2d 177 (La.1977); Howard v. Hardware Mutual Company, 286 So.2d 334 (La.1973); Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967). Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. Gulf States Utilities Co. v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (La.1965); Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594 (La.1963). [emphasis added]
Given the language of the pre 2000 version of La.Code Civ. P. art. 1915A(3), we cannot say that the ground urged for dismissal by Shell (i.e., a lack of designation of the judgment as a final judgment by the district court) is free from doubt. The fact that the legislature felt it was necessary to amend La.Code Civ. P. art. 1915A(3) to specifically exclude partial summary judgments demonstrates the confusion in the law. Moreover, the legislature's decision to make the amendment to La.Code Civ. P. art. 1915A(3) prospective only suggests the legislature believed it was effecting a change in the law, rather than interpreting the law as it always existed. If we were to adopt Shell's argument, we would be giving retroactive effect to the amendment in disregard of the legislature's express pronouncement to the contrary.
In sum, based upon the ambiguity in the pre 2000 language of La.Code Civ. P. art. 1915, we find the court of appeal erred in dismissing the State's appeal. Accordingly, we will reinstate the appeal and remand the case to the court of appeal for consideration of the appeal on the merits.

DECREE
For the reasons assigned, the order of the court of appeal dismissing the suspensive appeal of John N. Kennedy, Secretary of the Department of Revenue and Taxation, State of Louisiana, is vacated and set aside. The appeal is reinstated, and the case is remanded to the court of appeal for further proceedings.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] At the time of this case, La.Code Civ. P. art. 1915B provided:

B.(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
[2] Shell Pipeline Corp. v. Kennedy, 00-3207 (La.3/30/01), 788 So.2d 435.