JjLEON A. CANNIZZARO, JR., Judge.
This appeal arises out of a third party demand filed by the defendant, the State of Louisiana, through the Department of Transportation and Development (the “DOTD”) against BellSouth Communications, Inc. BellSouth filed a motion for summary judgment, claiming that it was not liable for any of the damages in this case, and the trial court granted the motion and dismissed BellSouth from the proceedings. The DOTD is appealing the trial court’s decision.
FACTS AND PROCEDURAL HISTORY
This case involves an automobile accident. Sixteen-year-old Mandy Carter was driving west on Bayou Road in St. Bernard Parish, Louisiana, allegedly at the posted forty mile per hour speed limit when she entered a curve in the highway. It was raining, but Ms. Carter did not reduce the speed of her vehicle below the posted limit. The passenger side tires of the vehicle traveled off of the paved surface of the roadway, where there were patched potholes, and onto the adjacent *451 graveled surface. She lost control of the vehicle and was unable to regain control of it, allegedly because of the roadway’s lack of a shoulder and the distance between | ¡¡the paved roadway and the adjoining grassy area.[1] When she lost control of the vehicle, she lost consciousness, and the next thing that she recalled after she regained consciousness was being “crashed against the big old cement block.” The “cement block” referred to by Ms. Carter was determined to be a cement slab on which there was a telephone junction box owned by BellSouth.
The accident caused damage to the vehicle and injuries to Ms. Carter. Roscoe Carter, Ms. Carter’s father, who owned the vehicle being driven by Ms. Carter, filed suit, individually and on behalf of his minor daughter, against the DOTD. Although the petition filed by Mr. Carter claimed that Ms. Carter hit Bellsouth’s telephone junction box, he did not name BellSouth as a defendant. Four years after the original petition was filed, the DOTD was granted leave of court to file a third party demand against BellSouth. The third party demand alleged that the sole cause of Ms. Carter’s accident was Bellsouth’s negligence in constructing the junction box in an unreasonably dangerous place and in other unspecified acts.
Two years after the third party demand was filed, BellSouth filed a motion for summary judgment claiming that the demand should be dismissed, because there was no evidence that the junction box created an unreasonable risk of harm. In support of its motion for summary judgment, Bell-south argued that the box was located beyond the line of public utility poles running along the roadway, that it|swas located on private property, and that there was no evidence that Ms. Carter’s vehicle had hit the junction box.
After a hearing on the motion for summary judgment in which the DOTD argued that numerous material issues of fact had not been resolved, the trial court granted the summary judgment in favor of Bell-south and dismissed the DOTD’s third party demand. The DOTD appealed the trial court’s decision to this Court.
This Court originally dismissed the appeal on the grounds that the judgment was a partial interlocutory judgment that had not been properly certified as a final judgment for purposes of immediate appeal pursuant to La. C.C.P. art. 1915(B).[2] The Louisiana Supreme Court granted the DOTD’s application for supervisory writs and reinstated the DOTD’s appeal. The Supreme Court remanded the matter to *452 this Court for further proceedings[3], citing Shell Pipeline Corp. v. Kennedy, 2000-3207, p. 4 (La.10/16/01), 799 So.2d 475, 478, in which the Supreme Court stated that “an appeal should not be dismissed unless the ground urged for dismissal is free' from doubt” and discussed an ambiguity with respect to article |41915 and certain summary judgments. The appeal in the instant case is now before us on remand.
DISCUSSION
Standard of Review
In Independent Fire Insurance. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... ” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the mov-ant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art: 966(C)(2).
99-2181, 99-2257, p. 7, 755 So.2d at 230-31. See also Shelton v. Standard/700 Associates, 2001-0587 (La.10/16/01), 798 So.2d 60.
Assignment of Error
In its sole assignment of error, the DOTD asserts that the trial court erred in holding that there were no unresolved issues of material fact in the third party action between the DOTD and BellSouth. We agree with the DOTD.
In support of its motion for summary judgment, BellSouth cited a portion of the deposition testimony of Ms. Carter where she stated that “[t]he only thing I remember is that block [the cement slab on which the junction box rested] being on[Rthe side of my driver’s door, and that was the reason why I couldn’t get out.” BellSouth also relied on the deposition testimony of the deputy sheriff who investigated the accident. She testified that Ms. Carter’s vehicle came to rest after the accident “quite a few feet, several yards” from the telephone junction box and the slab on which it rested. When she was asked whether she was confident that no part of the vehicle came into contact with the junction box of the slab, she replied, “Right, that is correct.” She also stated that there was no way that she would not have noticed that the vehicle had come into contact with the box or the slab, had it done so. She said that “there is no way that I wouldn’t have noted that,” because it “would have been very, very important.”
In opposition to Bellsouth’s motion for summary judgment, the DOTD alleged that there were several unresolved issues of fact. The DOTD cited Ms. Carter’s unequivocal deposition testimony to the ef- *453 feet that her vehicle did, in fact, strike the telephone junction box when she said that the “car was crashed against the big old cement block.” The DOTD also cited the deposition testimony of Ms. Carter’s aunt who said, “Oh, I would say definitely, yes, that’s what she hit,” when told that Ms. Carter had testified that she did not know whether or not her automobile had made contact with the cement slab.
Material Issue of Fact
In Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, the Louisiana Supreme Court stated that “[a] fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” 98-2821, p. 6, 744 So.2d at 610. The Supreme Court also stated that “[f|acts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id. 1 fiThis Court has held that “courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence” in determining what constitutes a genuine issue of material fact. Coto v. J. Ray McDermott, S.A., 99-1866, p. 4 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, 830.
In the instant case we find that there is at least one unresolved material issue of fact, the resolution of which is essential in this case. That issue is whether Ms. Carter’s vehicle hit either the BellSouth junction box or the cement slab upon which it rested. The evidence presented regarding this issue is clearly conflicting. The deputy sheriff who investigated the accident testified in her deposition that she was certain that the vehicle did not hit any part of the BellSouth box or slab, but both Ms. Carter and her aunt testified in their depositions that the vehicle hit either or both of these objects. We cannot resolve this issue of fact, because of the decision in Coto; we cannot make credibility determinations, evaluate testimony, or weigh the evidence when reviewing a motion for summary judgment. A trier of fact must do this.
If a trier of fact determines that Ms. Carter’s vehicle did hit the BellSouth equipment, then other material issues of fact must be resolved. These include, among other things, a determination of whether the equipment was located by BellSouth in such a way that it created an unreasonable risk of harm to motorists. Because there are unresolved issues of material fact in this case, summary judgment is precluded.
CONCLUSION
The judgment of the trial court granting Bellsouth’s motion for summary judgment and dismissing BellSouth from the case is reversed. This case is |7remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.

. The plaintiff’s petition states that Ms. Carter was unable to recover control of her vehicle "[d]ue to a lack of shoulder and the depth of the distance from the paved surface to the grassy adjoining area....” It is reasonable for us to assume that the reference to the depth of the distance refers to the depth of a drainage ditch located between the edge of the roadway and the adjoining grassy area.

. As it read prior to the 1999 amendments to La C.C.P. art.1915, La. C.C.P. art. 1915(B) provided in relevant part as follows:
B.(l)When a court renders a ... partial summary judgment ... as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties ... shall not constitute a final judgment for the purpose of an immediate appeal....

. Carter v. State, 2003-2700 (La. 12/19/03), 861 So.2d 577.