STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-846


DUSTY COLLETTE, ET AL.

VERSUS

DANIELLE W. ALLEN, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20153367
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

MARC T. AMY

JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy H. Ezell, Judges.


**MOTION TO DISMISS DEVOLUTIVE APPEAL DENIED.**

Staci Knox Villemarette
Cloyd, Wimberly and Villemarette, LLC
Post Office Box 53951
Lafayette, LA   70505-3951
(337) 289-6906
COUNSEL FOR DEFENDANTS/APPELLANTS:
    State Farm Mutual Automobile Insurance Company
    Danielle W. Allen

**John Avender London, III**
**10988 North Harrells Ferry, #18A**
**Baton Rouge, LA 70816**
**(225) 275-8100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **LUBA Casualty Insurance Company, Inc.**


**Connell Lee Archey**
**Keith J. Fernandez**
**Kantrow, Spaht, Weaver & Blitzer, APLC**
**Post Office Box 2997**
**Baton Rouge, LA 70821-2997**
**(225) 383-4703**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **National Trust Insurance Company**


**Chaz H. Roberts**
**Bradley Aldrich**
**Chaz Roberts Law**
**100 Magnate Drive, Suite A1**
**Lafayette, LA 70508**
**(337) 504-3202**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Dusty Collette**
    **Ashley Collette**

**AMY, Judge.**

The defendant-appellee, National Trust Insurance Company (National Trust), moves to dismiss the appeal of the co-defendants, State Farm Mutual Automobile Insurance Company (State Farm) and Danielle W. Allen (Allen), for having been taken by parties with no interest to prosecute this appeal. For the reasons below, we deny the motion.

The suit arises from an automobile collision involving a 2013 Freightliner driven by Dusty Collette (Collette), an employee of M&M and a plaintiff herein, and a vehicle driven by Allen, a defendant herein. M&M had leased the vehicle Collette was driving. The plaintiffs filed suit against Allen and her insurer, State Farm. Advancing the belief that their damages exceeded the policy limits of Allen's State Farm policy, the plaintiffs added National Trust as a defendant in their First Amended Petition. The plaintiffs claimed that the vehicle Collette was driving was insured under M&M's policy with National Trust and provided UM coverage to Collette.

National Trust filed a Motion for Summary Judgment, asserting that M&M waived UM coverage; thus, National Trust did not provide UM coverage as alleged by the plaintiffs. The trial court found that there was no UM coverage and granted summary judgment in favor of National Trust, dismissing all claims asserted by the plaintiffs against National Trust. On July 6, 2016, the trial court signed a judgment in favor of National Trust, dismissing all claims of plaintiffs Dusty Collette and Ashley Collette, individually and in their capacities as tutors of the minor children, Carson Collette and Colin Collette. The district court's clerk's office sent notice of the signing of judgment on July 13, 2016.

On July 20, 2016, State Farm and Allen filed a motion and order for a devolutive appeal, which order was granted by the trial court on July 28, 2016.

Following the lodging of the appeal by this court, National Trust filed a motion to dismiss the appeal and to suspend briefing pending the outcome of this motion. Briefing was thereafter suspended pending a ruling on the subject motion to dismiss.

By that motion, National Trust refers to appellants Allen and State Farm collectively and asserts that "State Farm" has no privity with National Trust, is not entitled to indemnity or warranty from National Trust, and has not filed a cross-claim against National Trust. As such, National Trust maintains that State Farm has no interest in the judgment dismissing the plaintiffs' claims against National Trust; thus, National Trust argues the appeal should be dismissed at State Farm's cost.

In support of its argument, National Trust cites La.Code Civ.P. art. 2086, which provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." National Trust maintains that with the posture of State Farm as insurer for the tortfeasor, intervention is not appropriate. National Trust adds that a third party may intervene and join with the plaintiff "in demanding the same or similar relief against the defendant[.]" La.Code Civ.P. art. 1091(1). National Trust urges, however, that State Farm has no claim for relief against National Trust.

Next, National Trust concedes that a co-defendant with no direct involvement in a case may appeal a judgment. However, the party, National Trust asserts, must show that it was aggrieved by the trial court's judgment. *See Piper v. Central Louisiana Elec. Co.*, 437 So.2d 997 (La.App. 3 Cir. 1983). National Trust further avers that a party does not have to show a pecuniary interest to be aggrieved by a judgment but must demonstrate its interest in the judgment or the

2

effect of the judgment on the party. *See Andrade v. Shiers*, 516 So.2d 1192 (La.App. 2 Cir. 1987). Additionally, "an appellant may be said to have no interest in his appeal only when he cannot benefit by any reversal or change in the judgment from which he appeals." *Werhan v. Helis*, 147 So.2d 260, 263 (La.App. 4 Cir. 1962), *writ refused*, 244 La. 667, 153 So.2d 882 (1963).

National Trust concludes that if the plaintiffs prove damages in excess of State Farm's policy, a UM carrier would be required to pay up to its policy limits and would be subrogated to the plaintiffs' claim against the insured. National Trust urges that State Farm would never be entitled to indemnity or warranty from a UM carrier. National Trust asserts that if required to pay under its policy, it is then subrogated to its insured's rights against the tortfeasor. As such, National Trust maintains that State Farm has no cognizable interest in Collette's right to recover from National Trust, M&M's putative UM carrier. Accordingly, National Trust seeks the dismissal of the appeal.

However, National Trust poses the inquiry strictly from the point of State Farm alone. Yet, both State Farm and its insured, Allen, are parties in the underlying matter. Both have filed the motion for appeal.

Louisiana Code of Civil Procedure Article 2082 provides that an "[a]ppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." The supreme court has explained that appeals are favored in the law and "should not be dismissed unless the ground urged for dismissal is free from doubt[.]" *Shell Pipeline Corp. v. Kennedy*, 00-3207, p. 4 (La. 10/16/01), 799 So.2d 475, 478.

3

Further, and as referenced by State Farm and Allen, the supreme court in *Emmons v. Agricultural Ins. Co.*, 245 La. 411, 158 So.2d 594, 599 (1963), explained:

> A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken. LSA-C.C.P., Article 2086. The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court, and such right is extended not only to the parties to the suit in which the judgment is rendered, but also to a third-party when such third party is allegedly aggrieved by the judgment. Reid v. Monticello, 215 La. 444, 40 So.2d 814 [(1949)]. Any one (sic) aggrieved by the judgment of a trial court has the right to appeal, unless he has acquiesced therein, or is otherwise deprived of that remedy. White v. White, 153 La. 313, 95 So. 791 [(1923)]. A party to a suit is given an unqualified right to appeal from adverse final judgment and need not allege and show a direct pecuniary interest in order to be entitled to appeal. Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452 [(1958).]

In *Emmons*, 158 So.2d 594, as the result of injuries sustained in an automobile accident, the plaintiff filed suit against the defendant and its insurer as well as the plaintiff's liability insurer. The trial court rendered judgment in favor of the plaintiff and against the defendant and his insurer, in solido. It further rendered judgment in favor of the plaintiff's insurer and against the plaintiff, dismissing the plaintiff's suit at his cost. The defendant and his insurer appealed the judgment, averring that they were aggrieved, in part, by the judgment in favor of the plaintiff's liability insurer and against the plaintiff while the plaintiff acquiesced. The plaintiff's liability insurer filed a motion to dismiss the appeal, and the motion was sustained. The supreme court held that the appeal was tantamount to filing a third-party action, and by taking the appeal, the defendant and his insurer were continuing to deny liability of the obligation upon which the plaintiff sued. Thus, it was proper for the appellate court to consider and determine the liability of the plaintiff's liability insurer. *Id.*

4

Additionally, in *Cunningham v. Hardware Mut. Cas. Co.*, 228 So.2d 700 (La.App. 1 Cir. 1969), the court held that a co-defendant could institute a third-party demand by appeal against a co-defendant insurer although a third-party action was not initiated in the lower court. In reaching its decision, the court reasoned:

> In Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 [(1963)], a case similar to but distinguishable from the instant matter, the Supreme Court considered the right of a defendant to appeal against a co-defendant where no third party demand was filed in the trial court by the appealing defendant. As in the case at hand, the co-defendant sought to be third partied in Emmons, supra, had been dismissed from the action. In concluding the appeal of defendant constituted a third party action against the co-defendant who had been dismissed from the action, the Supreme Court in Emmons, supra, held:
>
> > "An examination of Article 2103 discloses that its terms are directory and not mandatory. It recites that a defendant may seek to enforce contribution by making his solidary co-debtor a third party. There is no penalty imposed for failure to follow its provisions. A defendant who does not call in his co-debtor as a third-party defendant maintains rights under Articles 1111--1116, LSA-C.C.P. Cf. Perot v. United States Casualty Co., La.App. [2 Cir. 1957], 98 So.2d 584.
>
> > \*      \*      \*      \*
>
> > "We conclude that the appeal taken by Bertucci and Agricultural brings their co-defendant General Accident before the appellate court; such appeal was tantamount to filing a third-party action."
>
> We deem the above cited pronouncement of the Supreme Court decisive of the question whether one solidary obligor may third party another on appeal even though no third party demand was filed in the trial court. Thus, Aetna is subject to [the] third party action instituted for the first time on appeal.

*Id*. at pp. 703-04.

Notably, Allen, as the purported tortfeasor, is a solidary obligor with National Trust, as the purported UM provider. *See Rizer v. American Sur. and Fid.*

5

*Ins. Co.*, 95-1200 (La. 3/8/96), 669 So.2d 387; *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575 (La.1982). That solidary status arises to the extent that the plaintiffs allege that their damages may exceed Allen's liability coverage. *See Fertitta v. Allstate Ins. Co.*, 462 So.2d 159 (La.1985). Because of that solidary obligor status, plaintiffs could demand performance of the entire joint obligation "from either obligor as if he were the sole debtor." *Id.* at 163. "Moreover, payment (or partial payment) to the creditor by one debtor exonerates the other debtor from having to make that payment to the creditor (although the debtor who pays may have resulting rights against the other debtor)." *Id.* Notwithstanding any rights of recovery National Trust may have against Allen as tortfeasor, in the event the purported UM coverage is implicated, it is clear that Allen, as its solidary obligor, has an interest in whether UM coverage is available to the plaintiffs. Accordingly, we leave her appeal undisturbed.

Neither do we dismiss the appeal as to State Farm, as appellant. The record indicates that State Farm continues in its defense of Allen as its insured, and below, appeared on her behalf by filing an opposition to National Trust's motion for summary judgment and making arguments in that regard at the hearing. That participation at the trial level is reflected in the resulting judgment from which this appeal was taken insofar as costs were cast against both Allen and State Farm, in addition to the plaintiffs. While the plaintiffs allege damages exceeding Allen's coverage under the State Farm policy, an insurer's obligation to defend its insured is broader than its liability as to a claim for damage. *See Arceneaux v. Amstar Corp.*, 10-2329 (La. 7/1/11), 66 So.3d 438. For these reasons, we conclude that State Farm, as Allen's insurer and representative, has demonstrated an interest in this appeal.

**MOTION TO DISMISS DEVOLUTIVE APPEAL DENIED.**

6