NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-915


ERIK E. MORAN AND SUSAN G. MORAN

VERSUS

THE COLOMB FOUNDATION, INC.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-3136-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.


MOTION TO DISMISS APPEAL DENIED.


Gary A. Cotogno
Kenneth E. Pickering
Pickering & Cotogno
1515 Poydras Street, #1800
New Orleans, Louisiana 70112
(504) 581-1222
COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:
    Sun Premium Financing, L.L.C.

**Richard Gale Creed, Jr.**
**Creed Law Firm**
**8017 Jefferson Highway, Suite B3**
**Baton Rouge, Louisiana 70809**
**(225) 926-3824**
**COUNSEL FOR THIRD-PARTY DEFENDANTS/APPELLEES:**
**Wendell Jerome Campbell**
**Alpha Insurance Agency of Louisiana, L.L.C.**

**James T. Guglielmo**
**Gina Marie Bradley Tuttle**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.**
**Post Office Drawer 1329**
**Opelousas, Louisiana 70571-1329**
**(337) 948-8201**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Sterling Colomb, Sr.**
**The Colomb Foundation, Inc.**

**Christopher Shannon Hardy**
**Penny & Hardy, A.P.L.C.**
**600 Jefferson Street, Suite 601**
**Lafayette, Louisiana 70502**
**(337) 231-1955**
**COUNSEL FOR INTERVENOR/APPELLEE:**
**Allstate Insurance Company**

**Kevin Reeve Duck**
**Duck Law Firm**
**5040 Ambassador Caffery Parkway, #200**
**Lafayette, Louisiana 70508**
**(337) 406-1144**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Susan G. Moran**
**Erik E. Moran**

**Keely Yoes Scott**
**Kaitlin J. Dyer**
**Catherine S. Giering**
**Leigh F. Groves**
**Donohue, Patrick & Scott, PLLC**
**450 Laurel Street, #1600**
**Post Office Box 1629**
**Baton Rouge, Louisiana 70821**
**(225) 214-1908**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**The Colomb Foundation, Inc.**
**Sterling Columb, Sr.**

**Jay Russell Sever**
**Douglas M. Kleeman**
**Phelps Dunbar, L.L.P.**
**365 Canal Street, Suite 2000**
**New Orleans, Louisiana 70130-6534**
**(504) 566-1311**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**United Specialty Insurance Company**

**Christopher Kent Ralston**
**Arthur R. Kraatz**
**Phelps, Dunbar, L.L.P.**
**365 Canal Street, Suite 2000**
**New Orleans, Louisiana 70130-6534**
**(504) 566-1311**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLANT:**
**Standard Lines Brokerage, Inc.**

**Christina S. Slay**
**Bolen, Parker, Brenner, Lee & Engelsman**
**Post Office Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Sterling Colomb, Sr.**

**GREMILLION, Judge.**

Defendants-Appellees, The Colomb Foundation, Inc. (Colomb), and Sterling Colomb, Sr., move this court to dismiss the appeal filed by one of the two appellants in this case, namely, Standard Lines Brokerage, Inc. (SLB). For the reasons given herein, we deny the motion to dismiss the appeal.

This case arises out of a motorcycle accident that occurred on May 4, 2014, in Arnaudville, Louisiana. Plaintiff, Erik Moran, was riding his motorcycle on Louisiana Highway 93 when a floodlight, which was allegedly placed improperly such that it was mistaken for the headlight of an oncoming car, blinded him and caused him to crash his motorcycle into a gate. The gate and the floodlight were located on property owned by Colomb. As a result of the accident, Mr. Moran and his wife, Susan G. Moran, filed a personal injury lawsuit against Colomb and its alleged liability insurer, United Specialty Insurance Company (United Specialty Insurance). Sterling Colomb, Sr., was also subsequently added as an additional defendant via Plaintiffs' second amended petition. Also, because Allstate Insurance Company (Allstate) was asked to provide a defense and indemnity for the claim raised in the second amended petition, Allstate filed a petition in intervention.

With regard to Plaintiffs' claims against United Specialty Insurance and Colomb, United Specialty Insurance notified Colomb that Plaintiffs' claims were not covered under the United Specialty Insurance policy because that policy had been cancelled in November 2013, due to Colomb's failure to pay the insurance premium. Challenging the validity of that alleged cancellation, Colomb filed a cross-claim against United Specialty Insurance seeking defense and indemnity for Plaintiffs' claims against Colomb.

Also, in connection with Colomb's challenge to the validity of the cancellation of its policy with United Specialty Insurance, Colomb filed third-party demands against the following: 1) Alpha Insurance Agency of Louisiana, L.L.C. (Alpha

Agency); 2) agent, Weldon Jerome Campbell, who is an agent for Alpha Agency; 3) Sun Premium Finance, L.L.C. (Sun Premium Finance), which is Colomb's independent premium finance company; and 4) SLB, the managing general agent for Century Surety Company, which underwrites policies for United Specialty Insurance.

SLB is authorized to underwrite, issue, and cancel policies, and to collect premiums for United Specialty Insurance. On August 27, 2013, SLB received from Alpha Agency an application for insurance for Colomb. Thereafter, SLB issued Colomb an insurance policy with an original effective period of August 28, 2013 to August 28, 2014, and with coverage being contingent upon Colomb's payment of the premium. On August 30, 2013, SLB delivered to Alpha a $5,057.85 premium invoice which stated that Colomb's premium, must be paid within 5 days, or by September 4, 2013. On October 9, 2013, Colomb (through Alpha Agency) submitted to Sun Premium Finance an application for a loan to cover part of Colomb's premium. On October 9, 2013, Sun Premium Finance agreed to loan Colomb $4,176.00 toward the premium, with Colomb being responsible for paying the remainder of the premium. Sun Premium Finance authorized Alpha Agency to submit a "site draft" to SLB for the amount of Colomb's loan; however, the payment could be disbursed to SLB only with the approval of Sun Premium Finance.

As of October 22, 2013, which was a month and a half after the premium was due, SLB had not received any part of the insurance premium. Therefore, on October 25, 2013, SLB allegedly mailed to Colomb a notice of cancellation which would be effective on November 7, 2013. A copy of the notice of a cancelation was also allegedly mailed to Alpha Agency. United Specialty Insurance alleges that the cancellation of Colomb's policy took effect on November 7, 2013, because SLB still had not received the premium payment by that date. On December 13, 2013, Sun Premium Finance approved the disbursement of the funds for its loan to Colomb. However, United Specialty Insurance contends that Colomb did not pay the portion of

2

the premium that it was supposed to pay and that loan proceeds, which were to cover the balance of the premium, were not tendered until more than a month after the policy had been cancelled due to nonpayment of the premiums. United Specialty Insurance asserts that since its policy was cancelled due to nonpayment of the premium, insurance coverage is not provided for the instant lawsuit which Plaintiffs filed against Colomb and United Specialty Insurance. However, Colomb takes the position that the policy was not properly cancelled.

Three motions for summary judgment were filed in this case. First, on August 30, 2016, United Specialty Insurance filed a motion for summary judgment, seeking dismissal of both Plaintiffs' claims and Colomb's cross-claim against United Specialty Insurance. United Specialty Insurance maintains that the policy which it had issued for Colomb not only did not cover Plaintiffs' claims but also had been properly cancelled six months before the accident at issue.

Second, SLB filed a motion for summary judgment. In that motion, SLB asserts that the third-party demand which Colomb filed against SLB for negligent cancellation of Colomb's policy should be dismissed because the policy was properly cancelled.

Third, on November 3, 2016, Colomb filed a motion for partial summary judgment. By that motion, Colomb sought a finding that United Specialty Insurance owes a duty to defend Colomb against Plaintiffs' claims.

In addition to filing its own motion for summary judgment, Colomb also filed oppositions to the motions for summary judgment which were filed by United Specialty Insurance and SLB. Colomb asserts that it never received notice of the policy cancellation. In support of its oppositions, Colomb submitted the affidavits of two of its representatives, namely, Sterling P. Colomb, Sr., and Patsy A. Parker, to show that the Colomb did not receive the notice of cancellation. Colomb also submitted the affidavits of Priscilla and Alvin Narcisse, who contend that that they are

3

the owners of the property where the notice of cancellation was allegedly mailed but that they did not receive the notice of cancellation. SLB filed a motion to strike all four of the affidavits submitted by Colomb on the ground that the affidavits contradicted prior deposition testimony which had been given by Colomb's representative, Patsy Parker. In the reply brief filed in response to Colomb's opposition, United Specialty Insurance made a similar request to have Colomb's affidavits stricken.

The trial court denied the motion to strike affidavits. It also denied United Specialty Insurance's motion for summary judgment and SLB's motion for summary judgment. However, the trial court granted Colomb's motion for partial summary judgment, finding that United Specialty Insurance has a duty to defend Colomb.

Previously, United Specialty and SLB, sought review of the trial court's rulings via two writ applications that were filed in this court under docket numbers 17-12 and 17-20. By writ application number 17-12, SLB sought review of the judgment denying its motion for summary judgment and its motion to strike. By writ application number 17-20, United Specialty Insurance sought review of the judgment denying its motion for summary judgment and the motion to strike, as well as the judgment granting Colomb's motion for partial summary judgment regarding the issue of United Specialty Insurance's duty to defend.

On March 31, 2017, this court denied both writ application number 17-12 and writ application number 17-20 based on its finding that the parties had adequate remedy by appeal. In that regard, this court noted that one of the judgments at issue granted Colomb's motion for partial final judgment. This court held that that judgment constitutes a partial judgment under La.Code Civ.P. art. 1915(B) and that pursuant to Article 1915(B), the trial court could designate the judgment as a final, appealable judgment after expressly determining that no just reason exists for delay. This court noted that although an interlocutory judgment is generally not appealable,

4

an interlocutory judgment is subject to review on appeal when an appealable judgment has been rendered. *See Firemen's Pension and Relief Fund for the City of Lake Charles v. Boyer*, 420 So.2d 1323 (La.App. 3 Cir. 1983). Accordingly, in the instant case, this court found that the interlocutory judgments which denied SLB's motion to strike and denied the motions for summary judgment filed by SLB and United Specialty Insurance, could be reviewed along with an appeal of the partial final judgment which had been rendered granting Colomb's motion for partial summary judgment. Both SLB and United Specialty sought writs with the Louisiana Supreme Court; however, those writ applications were denied on September 15, 2017.

Meanwhile, on June 14, 2017, United Specialty Insurance filed in the trial court a motion seeking to have the judgment granting Colomb's motion for partial summary judgment certified as a final, appealable judgment. The motion for certification was heard on July 17, 2017, and on August 8, 2017, the trial court signed a judgment granting the motion for certification. Thereafter, on August 21, 2017, SLB filed a motion for appeal, and the order of appeal was signed on August 24, 2017. Also, United Specialty Insurance filed its motion for appeal on August 31, 2017, and the order of appeal was signed on September 5, 2017. In their motions for appeal, both SLB and United Specialty Insurance indicate that they are seeking appellate review of the 1915(B) judgment which has been certified final and appealable, as well as the review of all issues which this court has authority to consider in connection with its consideration of that appealable judgment. The appeal record was lodged in this court on October 10, 2017; however, Defendants, Colomb and Sterling Colomb, Sr., have now filed a motion to dismiss the appeal filed by SLB.

In support of their motion to dismiss SLB's appeal, Defendants note that the judgment granting Colomb's motion for partial summary judgment, which was signed on January 9, 2017, and certified final and appealable on August 8, 2017, made the finding that United Specialty Insurance has a duty to defend Colomb against

Plaintiffs' claims. Defendants contend that since the judgment was rendered in Colomb's favor and against United Specialty Insurance, SLB was not a party to that judgment. As such, Defendants maintain that SLB has no right to appeal the judgment holding that United Specialty Insurance has a duty to defend. Defendants contend that the judgment which has been rendered against SLB is a judgment denying SLB's motion for summary judgment. However, Defendants note that that judgment is an interlocutory judgment. Defendants argue that SLB has no right to "piggy back" its request for appellate review of the interlocutory judgment which denied SLB's motion for summary judgment to an appeal of the final judgment granting United Specialty Insurance's motion for partial summary judgment.

In its opposition to the motion to dismiss the appeal, SLB notes that in connection with the prior writs filed under this court's docket numbers 17-12 and 17-20, this court has already made the determination that it has jurisdiction to consider the interlocutory judgments denying the motions for summary judgment filed by SLB and United Specialty Insurance, along with an appeal of the final judgment granting Colomb's motion for partial summary judgment on the duty to defend issue. In that regard, SLB points out that in denying the prior writ applications, this court held that once the judgment granting Colomb's motion for partial summary judgment was certified final and appleable pursuant to La.Code Civ.P. art. 1915(B), the parties could assign the interlocutory judgment as error in an appeal taken from the final judgment. SLB maintain that this court's decision on that issue is the law of the case. SLB also maintains that the parties followed this court's instructions and had the trial court certify the judgment on Colomb's motion for partial summary judgment a final judgment under Article 1915(B) before subsequently filing the instant appeals. SLB points out that the three motions for summary judgment are all interrelated because the primary issue in all the motions is whether SLB properly cancelled Colomb's insurance policy for nonpayment of the premium. Also, SLB contends that even if its

6

appeal were dismissed, the duty to defend issue will still be addressed by this court because United Specialty Insurance is also appealing the judgment holding that United Specialty has a duty to defend Colomb.

We note that there are two appeals pending before this court: one appeal was filed SLB, which is a third-party defendant, and one appeal was filed by United Specialty Insurance. United Specialty Insurance was named as a party defendant along with the Colomb and Sterling Colomb, Sr., which are the two defendants that have filed the instant motion to dismiss SLB's appeal. While Plaintiffs have alleged that United Specialty Insurance is the insurer providing coverage for Plaintiffs' personal injury claims against Colomb, United Specialty Insurance maintains that the policy for Colomb had been cancelled due to nonpayment of the premium. Asserting improper policy cancellation, Colomb filed third-party claims against various third-party defendants, including SLB, which is the agent for the underwriter of policies for United Specialty Insurance. Colomb also filed a cross-claim against United Specialty Insurance seeking to have United Specialty Insurance ordered to defend Colomb against Plaintiffs' claims.

We note that the trial court denied both a motion for summary judgment which SLB filed seeking dismissal of Colomb's third-party claim against SLB for negligent cancellation of Colomb's insurance policy, as well as a motion for summary judgment which United Specialty Insurance filed seeking dismissal of Plaintiffs' claims and Colomb's cross-claim against United Specialty Insurance based on insurance coverage and policy cancellation issues. Additionally, the trial court granted a motion for partial summary judgment which Colomb filed seeking a declaration that Untied Specialty Insurance has a duty to defend Colomb against Plaintiffs' claims. When United Specialty and SLB previously sought review of the trial court's ruling via writ applications filed under this court's docket numbers 17-12 and 17-20, this court instructed that the parties could obtain appeal of the judgment granting Colomb's

7

motion for partial summary judgment if the trial court were to certify the judgment final and appealable pursuant to La.Code Civ.P. art. 1915(B). Following this court's direction, the parties obtained certification from the trial court under Article 1915(B), and the instant appeals followed.

We note that Defendants, Colomb and Sterling Colomb, Sr., do not dispute the fact that the judgment granting Colomb's motion for summary judgment, which has been certified final under La.Code Civ.P. art. 1915(B), is an appealable judgment. Defendants do not oppose United Specialty Insurance's appeal of that final judgment, nor United Specialty Insurance's request for appellate review of the interlocutory judgment denying its motion for summary judgment. However, Defendants challenge SLB's right to appeal the final judgment rendered in Colomb's favor on the ground that SLB was not a party to that judgment. Defendants also challenge SLB's right to appeal the interlocutory judgment whereby the trial court denied SLB's motion for summary judgment.

Defendants correctly point out that the judgment denying SLB's motion for summary judgment is interlocutory and, thus, not subject to an independent appeal. However, previously, in connection with writ application numbers 17-12 and 17-20, this court made the determination that in the interest of judicial efficiency, the interlocutory judgments at issue in this case should be considered along with the appeal of the final judgment which has been rendered in this case. In that regard, we note that all those motions for summary judgment filed by Colomb, United Specialty Insurance, and SLB, all delve into the issue of the alleged cancellation of the insurance policy issued by United Specialty Insurance to Colomb. Given the complex factual history of the case and the interconnectivity of the issues raised in the three motions for summary judgment, we maintain our position that judicial efficiency is best served if the merits of the judgments on the three motions for summary judgment

8

which are at issue in this case were reviewed and addressed in a single opinion by this court.

This court has stated:

Louisiana Code of Civil Procedure Article 2082 provides that an "[a]ppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." The supreme court has explained that appeals are favored in the law and "should not be dismissed unless the ground urged for dismissal is free from doubt[.]" *Shell Pipeline Corp. v. Kennedy*, 00-3207, p. 4 (La. 10/16/01), 799 So.2d 475, 478.

Further, and as referenced by State Farm and Allen, the supreme court in *Emmons v. Agricultural Ins. Co.*, 245 La. 411, 158 So.2d 594, 599 (1963), explained:

A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken. LSA-C.C.P., Article 2086. The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court, and such right is extended not only to the parties to the suit in which the judgment is rendered, but also to a third-party when such third party is allegedly aggrieved by the judgment. Reid v. Monticello, 215 La. 444, 40 So.2d 814 [ (1949) ]. Any one (sic) aggrieved by the judgment of a trial court has the right to appeal, unless he has acquiesced therein, or is otherwise deprived of that remedy. White v. White, 153 La. 313, 95 So. 791 [ (1923) ]. A party to a suit is given an unqualified right to appeal from adverse final judgment and need not allege and show a direct pecuniary interest in order to be entitled to appeal. Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452 [ (1958).]

In *Emmons*, 245 La. 411, 158 So.2d 594, as the result of injuries sustained in an automobile accident, the plaintiff filed suit against the defendant and its insurer as well as the plaintiff's liability insurer. The trial court rendered judgment in favor of the plaintiff and against the defendant and his insurer, in solido. It further rendered judgment in favor of the plaintiff's insurer and against the plaintiff, dismissing the plaintiff's suit at his cost. The defendant and his insurer appealed the judgment, averring that they were aggrieved, in part, by the judgment in favor of the plaintiff's liability insurer and against the plaintiff while the plaintiff acquiesced. The plaintiff's liability insurer filed a motion to dismiss the appeal, and the motion was sustained. The supreme court held that the appeal was tantamount to filing a third-party action, and by taking the appeal, the defendant and his insurer were continuing to deny liability of the obligation upon which the plaintiff sued. Thus, it was proper for the appellate court to consider and determine the liability of the plaintiff's liability insurer. *Id.*

*Collette v. Allen*, 16-846, pp. 3-4 (La.App. 3 Cir. 12/28/16), 210 So.3d 373, 375-76.

In the instant case, SLB is a party to this suit. *See Krauss Company*, 106 So. 2d 452. Furthermore, we find that SLB has actual interest in whether the motion for partial summary judgment is reversed. Accordingly, we find that under the facts of the instant case, this court has jurisdiction over the appeal by SLB.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.