# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CM 16-160

**THE INDEPENDENT WEEKLY, LLC**

**VERSUS**

**LAFAYETTE CITY MARSHAL BRIAN POPE**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2015-5737
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

## D. KENT SAVOIE

## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

Stephen Gary McGoffin
Durio, McGoffin, Stagg & Ackermann, P.C.
Post Office Box 51308
Lafayette, LA 70505
(337) 233-0300
COUNSEL FOR PLAINTIFF/APPELLEE:
   The Independent Weekly, LLC

**Charles Kirkland Middleton**
**Attorney at Law**
**109 Stewart Street**
**Lafayette, LA 70501**
**(337) 234-0701**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Brian Pope, Lafayette City Marshal**

**John Kevin Stockstill**
**Attorney at Law**
**300 Stewart Street**
**Lafayette, La 70501**
**(337) 262-0203**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Brian Pope, Lafayette City Marshal**

**SAVOIE, Judge.**

The plaintiff-appellee, The Independent, L.L.C., filed a motion seeking the dismissal of the unlodged appeal taken by the defendant-appellant, Lafayette City Marshal Brian Pope. For the reasons discussed below, we deny the motion.

From the statements made by the parties to this action in the filings with this court, is appears that the instant action arises out of a public records request. The appellant has taken a suspensive appeal from a judgment signed by the trial court on January 14, 2016. The appellee contends in its motion to dismiss the appeal that the appealed judgment is a partial judgment which has not been designated as final and appealable pursuant to La.Code Civ.P. art. 1915(B). Therefore, the appellee seeks the dismissal of the appeal.

In opposition to the motion to dismiss, the appellant argues in brief that the judgment appealed is appealable as a matter of right pursuant to La.Code Civ.P. art. 3612. Furthermore, the appellant contends that the appellee acquiesced in the suspensive appeal by filing an affidavit in the trial court.

In the appellee's response to the appellant's opposition, the appellee contends that the actual judgment on the injunctive relief was signed by the trial court on December 17, 2015, and that the appellant failed to file a timely suspensive appeal from that judgment. Additionally, the appellee asserts that the filing of the affidavit by its counsel did not serve as acquiescence in the suspensive appeal.

> Appellate courts are courts of record, and we must render judgment based on the record on appeal. La.Code Civ.P. art. 2164; *Willis v. Letulle,* 597 So.2d 456 (La.App. 1 Cir.1992). We may not review evidence that is not in the record, and we may not receive new evidence. *Willis,* 597 So.2d 456. Moreover, we may not even consider exhibits filed in the record if those exhibits were not also filed into evidence, unless we are otherwise authorized by law to do so (as in

summary judgment procedure). *Id.* (quoting *State ex rel. Guste v. Thompson,* 532 So.2d 524, 527 n. 2 (La.App. 1 Cir.1988)).

*Sutton's Steel & Sup. v. BellSouth Mobility*, 00-511, 00-898, p. 4 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, 592, *writ denied*, 01-152 (La. 3/16/01), 787 So.2d 316.

Obvious from the arguments set forth by the appellee and the appellant is that this court needs the entire appellate record to be able to know if the appeal of the January 14, 2016 judgment is premature. For instance, appellee directs this court's attention to a purported judgment of December 17, 2015, but no judgment bearing that date has been provided to this court. Additionally, since this court does not have the original petition or any supplemental petition and cannot know what judgments may have already been rendered in this suit, this court has no record on which to base a finding as to what issues remain to be decided. Pursuant to La.Code Civ.P. art. 1915, if a partial judgment has been rendered but not designated as final and appealable for express reasons given, the trial court retains jurisdiction to revise the partial judgment and, thereby, can designate that judgment as final and immediately appealable; however, without the complete record, this court cannot know whether such a judgment has been entered into the record. Finally, this court notes that should the trial court proceed to issue a final judgment adjudicating all the rights and liabilities and all the claims remaining between these parties, any prematurity in the current appeal would be cured pursuant to Article 1915.

Therefore, this court denies the motion to dismiss the unlodged appeal at appellee's cost.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

2