NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 20-239

JACQUELINE BRENNER, ET AL.

VERSUS

DR. RONALD M. LEWIS, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20154144
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.

MOTION TO DISMISS UNLODGED APPEAL DENIED.

James E. Shields
Shields & Shields
30 New England Court
Gretna, LA 70053
(504) 368-2404
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Jacqueline Brenner
    Estate of Judith LeBlanc

**Benjamin Joseph Guilbeau**
**Elizabeth Fontenot Shea**
**Stockwell, Sievert, Viccellio, Clements & Shaddock**
**Post Office  Box 2900**
**Lake Charles, LA 70602-2900**
**(337) 436-9491**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Ronald M. Lewis, M.D.**
    **Louisiana Medical Mutual Insurance Company**

**SAVOIE, Judge.**

Defendants, Dr. Ronald M. Lewis and Louisiana Medical Mutual Insurance Company, filed a "Motion to Dismiss Unlodged Appeal." For the reasons below, we deny the motion.

In the trial court, Defendants filed a Peremptory Exception of Prescription, seeking the dismissal of fraud claims alleged by Plaintiffs, Jacqueline A. Brenner, individually and on behalf of decedent, Judith Leblanc, and the Estate of Elwin C. Leblanc, on behalf of decedent, Judith Leblanc. Following a hearing held on March 9, 2020, the exception was granted. A written judgment was signed by the trial court on March 16, 2020, dismissing with prejudice Plaintiffs' claims for fraud.

On or about April 3, 2020, Plaintiffs filed a Motion for Appeal, seeking review of the trial court's ruling. To date, Plaintiffs' motion has not been granted, and the appeal record has not been lodged.

Defendants argue that La.Code Civ.P. art. 1915(B)(1) provides that when a judgment sustains an exception as to less than all claims between the parties, that judgment shall not constitute a final judgment unless the trial judge designates the judgement as final after an express determination that there is no just reason for delay. "In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal . . . ." La.Code Civ.P. art. 1915(B)(2).

Next, Defendants assert that an appeal can be dismissed at any time if there is no right to appeal. As such, Defendants urge that Plaintiffs' Motion for Appeal should be dismissed since the judgment from which Plaintiffs appeal sustains an exception as to less than all claims between the parties. Plaintiffs' claims of fraud are dismissed, leaving Plaintiffs' claims of negligence to be adjudicated. The judgment at issue, Defendants maintain, is an interlocutory judgment, not a final appealable

judgment. With no right to appeal from this judgment, Defendants seek the dismissal of Plaintiffs' unlodged appeal.

We note that the appeal in this matter has not yet been lodged. "Appellate courts are courts of record, and we must render judgment based on the record on appeal. La.Code Civ.P. art. 2164; *Willis v. Letulle*, 597 So.2d 456 (La.App. 1 Cir.1992). We may not review evidence that is not in the record, and we may not receive new evidence. *Willis*, 597 So.2d 456." *Independent Weekly, LLC v. Pope*, 16-160 (La.App. 3 Cir. 3/30/16), 188 So.3d 469. This court needs the entire appellate record evidencing the fact that Plaintiffs have appealed and comported with the rules for filing a suspensive or devolutive appeal.

Therefore, this court denies Defendants' motion to dismiss the unlodged appeal, at Defendants' cost.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.