NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**CM 23-591**

**STATE OF LOUISIANA AND THE VERMILION**

**PARISH SCHOOL BOARD, ET AL.**

**VERSUS**

**THE LOUISIANA LAND AND EXPLORATION**

**COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 82,162
HONORABLE ROYALE L COLBERT, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**

**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar and Gary J. Ortego, Judges.

**Savoie, J., dissents and would grant the motion.**

**MOTION TO DISMISS APPEAL DENIED.**

**Jerold Edward Knoll**
**The Knoll Law Firm**
**Post Office Box 426**
**Marksville, LA 71351**
**(318) 253-6200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **The Vermilion Parish School Board**

**Donald T. Carmouche**
**Victor L. Marcello**
**Diane Adele Owen**
**John Hogarth Carmouche**
**William R. Coenen, III**
**Brian T. Carmouche**
**Christopher D. Martin**
**Ross J. Donnes**
**Todd J. Wimberley**
**Caroline H. Martin**
**Leah C. Poole**
**Michael L. Heaton**
**Talbot, Carmouche & Marcello**
**17405 Perkins Road**
**Baton Rouge, LA 70810**
**(225) 400-9991**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **The Vermilion Parish School Board**

**Michael R. Phillips**
**Claire E. Juneau**
**Jeffrey J. Gelpi**
**Anne C. Lemelin**
**Kean, Miller, LLP**
**909 Poydras Street, Suite 3600**
**New Orleans, LA 70112**
**(504) 585-3050**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Union Oil Company of California**

**Louis Victor Gregoire, Jr.**
**Dylan T. Scully**
**Kean, Miller, LLP**
**400 Convention Street, Suite 700**
**Baton Rouge, LA 70802**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Union Oil Company of California**

**Grady Joseph Abraham**
**Attorney at Law**
**5040 Ambassador Caffery, Suite 200**
**Lafayette, LA 70508**
**(337) 234-4523**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **The Vermilion Parish School Board**

**Ryan M. Seidemann**
**Louisiana Department of Justice**
**1885 N. 3rd Street**
**Baton Rouge, LA 70802**
**(225) 326-6085**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana through the Department of Natural Resources**

**Andrew M. Stakelum**
**Robert E. Meadows**
**King & Spalding, LLC**
**1100 Louisiana, Suite 4000**
**Houston, TX 77002-5213**
**(713) 751-3200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Union Oil Company of California**

**KYZAR, Judge.**

Plaintiff-Appellee, Vermilion Parish School Board (VPSB), filed a motion to dismiss the unlodged appeal of Defendant-Appellant, Union Oil Company of California (Unocal). For the reasons stated herein, we deny the motion to dismiss the appeal.

In 2004, the State of Louisiana (the State) and the VPSB filed suit against Unocal and other defendants, seeking remediation of the Sixteenth Section school lands in Vermilion Parish. The property is owned by the State and managed by VPSB. The case was tried by a jury in May of 2015, and the jury returned a multi-million-dollar verdict. In accordance with the 2006 version of La. R.S. 30:29, the matter was referred to the Louisiana Department of Natural Resources, Office of Conservation (LDNR), for a public hearing. In accordance with the trial court's order, the State/VPSB and UNOCAL submitted plans for remediation to LDNR. The panel rejected both plans and structured its own plan, the LDNR Most Feasible Plan (MFP).

The judgment at issue was signed by the trial court on July 27, 2023. Unocal sought to appeal this judgment, and an order of appeal was entered on August 24, 2023. The appeal has not yet been lodged in this court. Unocal has also filed an application for supervisory writs of the same judgment in docket number 23-550 and states that the filing is solely as a precaution to reserve all rights to seek review of the judgment in the event this court finds that any aspect of the judgment is not immediately appealable.

In VPSB's motion to dismiss the unlodged appeal, it argues that the judgment is not appealable under La.R.S. 30:29(C)(6) which reads:

> Any judgment adopting a plan of evaluation or remediation pursuant to this Section and ordering the parties admitting responsibility or the party or parties found legally responsible by the court to deposit funds for the implementation thereof into the registry of the court pursuant to this Section shall be considered a final judgment . . . for purposes of appeal.

VPSB states that an appeal has already been taken under La.R.S. 30:29(C)(6) and was disposed of long ago. Also, VPSB asserts that this section of the statute refers to the procedure whereby a) a jury finds the defendant liable for environmental damage, b) the case is referred to the LDNR for a second trial, c) the LDNR issues a MFP, and d) the trial court adopts the MFP in a judgment. VPSB maintains that each of those events have already occurred in this case. A jury found Unocal liable for environmental damage in 2015. The trial court then referred the matter to the LDNR for a feasible plan hearing which occurred in March of 2016. The LDNR subsequently issued its MFP in July of 2016. A "Judgment Regarding Most Feasible Plan Pursuant to La.R.S. 30:29(C)(6)" was issued by the trial court on November 3, 2016, which was appealed and affirmed by this court on March 4, 2018.

VPSB also argues that La.R.S. 30:29(C)(6) does not apply to the July 27, 2023 judgment because the judgment does not adopt a new plan of evaluation or remediation as claimed by Unocal in its pending writ application. VPSB asserts that the MFP was issued in 2016, and the trial court acknowledged same, finding "that Unocal has not fully complied with the MFP adopted by the State of Louisiana on November 3, 2016." VPSB adds that the trial court heard evidence about how the sample concentrations have worsened over the past seven years and subsequently ordered a deposit of money to address the groundwater problem as provided for in the MFP. VPSB urges that the trial court did not, however, create a new MFP.

Next, VPSB argues that La.R.S. 30:29(D)(4) expressly requires jurisdiction to remain with the trial court to order additional funds to be deposited into the registry of the court. VPSB maintains that the July 27, 2023 judgment arose out of Plaintiffs' "Motion to Require Unocal to Deposit Additional Money Into the Registry of the Court." After three days of testimony and argument, the trial court found that "the amounts deposited by Unocal into the registry of the Court are inadequate to address the cleanup" and ordered Unocal to deposit additional money to accomplish the

2

cleanup required by the MFP. VPSB concludes that the July 27, 2023 judgment is contemplated by La.R.S. 30:29(D)(4) and has nothing to do with La.R.S. 30:29(C)(6).

VPSB also argues that Unocal's appeal is not supported by the Louisiana Code of Civil Procedure. For a judgment to be appealable, the VPSB asserts that it must be a final judgment in accordance with La.Code Civ.P. art. 1915. A judgment is automatically considered final when it falls into one of six categories set forth in La.Code Civ.P. art. 1915(A). If a judgment does not fall under La.Code Civ.P. art. 1915(A), it may nonetheless be considered final if the trial court designates the judgment as final under La.Code Civ.P. art. 1915(B). VPSB maintains that the July 27, 2023 judgment is not a final judgment for the purposes of taking an immediate appeal because it does not dismiss the lawsuit as to any part, it does not grant a motion for judgment on the pleadings, it does not grant a motion for summary judgment, and it does not satisfy paragraphs 4 through 6 of La.Code Civ.P. art. 1915(A). Further, the judgment does not grant a partial summary judgment or rule upon an exception, and the judgment has not been designated as final under La.Code Civ.P. art. 1915(B). VPSB urges that the judgment is purely interlocutory because it contemplates additional appearances before the court and may be revised at any time. Specifically, the judgment requires the parties to meet with the LDNR, to file progress reports, and to prepare additional submissions.

In opposition, Unocal argues that VPSB's motion to dismiss the unlodged appeal is premature because the court cannot resolve the issues raised therein without being presented with any evidence in the appellate record. *See Cureton v. Cureton*, 20-199 (La.App. 3 Cir. 4/8/20), 2020 WL 1702083. In *Cureton*, this court explained:

> We note that the appeal in this matter has not yet been lodged. "Appellate courts are courts of record, and we must render judgment based on the record on appeal. La.Code Civ.P. art. 2164; *Willis v. Letulle*, 597 So.2d 456 (La.App. 1 Cir.1992). We may not review evidence that is not in the record, and we may not receive new evidence. *Willis*, 597 So.2d 456." *Independent Weekly, LLC v. Pope*, 16-160 (La.App. 3 Cir. /30/16), 188 So.3d 469. This court needs the entire appellate record

evidencing the fact that Defendant has appealed and comported with the rules for filing a suspensive or devolutive appeal. For instance, Plaintiff directs this court's attention to a purported judgment of March 20, 2020, granting Defendant an appeal, but no judgment bearing that date has been provided to this court. This court must have a record upon which to base a finding as to what issues remain to be decided.

Likewise, in the instant case, Unocal asserts that VPSB's motion is premature because the appellate record has not yet been lodged. Unocal points out that at the heart of VPSB's motion to dismiss is a dispute regarding the requirements of the MFP and the purpose and effect of the $63 million dollar judgment. Unocal maintains that this court needs the entire appellate record to resolve that dispute.

Next, Unocal argues that VPSB's motion violates the Uniform Rules of Louisiana Courts of Appeal, Rule 2-7.2 which requires all motions filed in an appellate court to bear the number and title of the cause in the court of appeal. Since VPSB moved to dismiss Unocal's appeal before it had been assigned a case number, Unocal contends that VPSB's motion does not bear the number of the case as required by Rule 2-7.2. Further, Unocal asserts that Uniform Rules of Louisiana Courts of Appeal, Rule 2-8.5 requires a joint motion signed by all counsel to dismiss an appeal before it has been lodged. As such, Unocal maintains that VPSB's motion is premature and procedurally deficient.

Additionally, Unocal argues that VPBS's motion to dismiss raises issues related to the merits of Unocal's appeal which must be resolved on the merits of the appeal. Unocal asserts that the merits of an appeal cannot be considered on a motion to dismiss. *Gulf States Utils. Co. v. Dixie Elec. Membership Corp.*, 179 So.2d 637 (La.1965). Further, when a motion is based on issues which relate to the merits, Unocal states that this court should either deny the motion or refer the motion to the panel reviewing the merits of the appeal. *Town of Kinder v. Beauregard Elec. Co-op, Inc.*, 339 So.2d 891 (La.App. 3 Cir. 1976). Unocal urges that VPSB's motion to dismiss raises issues that are closely related to the merits of the appeal--whether the

4

trial court's judgment enforces the MFP or materially alters the MFP by requiring additional evaluation and remediation. As such, Unocal maintains that the motion should be denied or referred to the panel assigned to review the merits of the appeal.

Even if this court addresses the issues raised in the motion now, Unocal argues that the motion should be denied because the judgment is final and appealable under Act 312 because it adopts a new plan for additional evaluation and remediation not required by the MFP and orders Unocal to deposit $63,232,983 for the implementation of that new plan. Further, Unocal argues that the judgment is appealable because it makes material changes to the 2016 judgment adopting the MFP, and therefore creates a new final judgment. *See Williams v. Bestcomp, Inc.*, 15-761 (La.App. 3 Cir. 2/3/16), 185 So.3d 269.

In its reply to Unocal's opposition, VPSB states that Unocal has been aware that the MFP contemplated additional work beyond sampling since the date it was adopted by the LDNR. VPSB refers to an excerpt of the MFP which reads:

> This estimate does not include additional well installations that may be necessary pursuant to this Plan; any additional evaluation costs that may be necessary from additional sampling and/or further delineation required by this Plan (beyond what is specifically covered in cost tables above); and/or any remediation costs that may be necessary based on results of sampling and/or further delineation. Additional costs will depend on what sampling and/or delineation reveals.

Regarding Unocal's claim that VPSB's motion to dismiss is premature and procedurally deficient, VPSB points out that La.Code Civ.P. art. 2162 provides that "[a]n appeal can be dismissed at any time by consent of the parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal." VPSB argues that the fact that Rule 2-8.5 addresses pre-lodging joint motions to dismiss does not imply that such motions are the only motions to dismiss that may be filed before an appeal is lodged, nor does it supersede Article 2162.

In the judgment at issue, Unocal is ordered to deposit an additional $63,232,983 into the registry of the court to be used 1) to remove the remaining oil sheens from

canals, 2) for additional investigation at Tank Battery B, 3) for the excavation and disposal of four foot thickness of soil containing oil and grease in the South pit-pipeline area, 4) for investigation at TBA Active Production Areas to a maximum of 12 feet deep, 5) for approximate cost to re-enter SWD #16, evaluate COC's, and re-plug, 6) remediation of ground water at the top of Chicot, and 7) remediation of groundwater in the middle of Chicot. Further, the court ordered the parties in concert with the LDNR to develop a plan for the actual removal of barium, mercury, TPH-D, and TPH-O from the canal sediment and the ground water remediation. The parties are also ordered to submit a proposed addendum to the MFP within 90 days for consideration in conjunction with the advice and recommendations of the LDNR. The addendum is to include any proposed alternative to the grout isolation plan submitted by VPSB in response to the leaching of COC's into the peat zone of the GW2 aquifer. The court stated that it shall retain exclusive oversight to ensure compliance with the MFP and the judgment and that any receipts for monies expended by Unocal be filed into the record. Lastly, the parties are ordered to submit within 120 days a detailed explanation of all work done since the judgment to accomplish the actual cleanup of the area and any objections thereto.

We find that the July 27, 2023 judgment is a final and appealable judgment under La.R.S. 30:29(C)(6) as it adopts a new plan for additional evaluation and remediation not required by the MFP and orders Unocal to deposit $63,232,983 for the implementation of that new plan. Further, the judgment makes material changes to the 2016 judgment adopting the MFP. Accordingly, we deny VPSB's motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.